UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIANNE NESTOR,

                              Appellant,

                -v.-

NEIL BERGER,

                              Appellee.

24 Civ. 9250 (JHR) (SLC)

ORDER

JENNIFER H. REARDEN, District Judge:

        The Court is in receipt of an *ex parte* letter from Appellant Marianne Nestor, attached as Exhibit A to this Order, requesting that "the residents of 15 East 63rd Street . . . be made whole" and that Appellee "Mr. Berger [be] removed from their residence."[1]  The Court realizes that Appellant, who is proceeding *pro se*, might not be familiar with legal rules and procedures.  In general, it is improper for any party to communicate with the Court without notice to the other side, as appears to have occurred here.  Appellant is encouraged to review the "Representing Yourself in Federal Court (Pro Se)" section of the Court's website.  To the extent that Appellant has any questions about filing and docketing, she is directed to contact the Pro Se Office at (212) 805-0175.  If Appellant wishes to submit anything further to the Court, she should file it with the Pro Se Office.

        SO ORDERED.

Dated:  December 31, 2024
        New York, New York

                                        JENNIFER H. REARDEN
                                        United States District Judge

---

[1] Appellant's requests for relief will be addressed in due course.

# EXHIBIT A

December 14, 2024



Honorable Jennifer H. Reardon
United States District Court
Southern District of New York
U.S.Courthouse -500 PearlStreet
New York, NY 10007

Your Honor Judge Reardon:

I am not subject to the Jurisdiction of the Bankruptcy Court of Judge Michael Wiles, nor Mr. Berger.

The case was actually misfiled by the Penachio Malara Firm ("PMFirm") of White Plains . It is in regard to a commercial loan with a New York Company Gemeaux Ltd. - a company organized in 1973.

If not a commercial loan, it would be invalid, as per the NY Banking law 590 & the interest rate of over 16% would be usury .

I am responding to the inquiry of the Hon. Sara L.Cave brought by Neil Berger of the Togut Segal & Segal law firm, and your Honor Judge Reardon .

The matter with your Honor was brought about by Mr.Berger, when on August 14 2024, he attempted to bring a matter to your Courts attention acting as if he had the authority of a Judge, without the signature of a Judge in the Civil Court at 111 Centre Street.

The matter was in Landlord Tenant Court, regarding a lockout of all the residents of a NYC rent stabilized building with 7 units, owned by Peggy Nestor & Marianne Nestor since 2/23/1984 - over 40 years.

The lockout of all residents is contrary to the rent laws of NewYork, and according to RPAPL law 853, is subject to treble damages. I brought a case, which is my right, in the proper court .

All residents have been locked out since April 30, 2024 - or 7months.

The rental for the building would be approximately $100, 000. Monthly. Treble damages would make the current amount approximately $2,400,000.

The Judge hearing the case in Civil Court August 19,
2024 advised, as the documents were signed only by Mr.Berger, without the authority of a Judge, that they were invalid.

Mr. Berger apparently brought the documents to your Honor's attention, on August 14, 2024 and that of Magistrate Judge Sara L. Cave, in White Plains, simultaneously.

Mr Berger has previously created stationery with my name attempting to change the named beneficiary on an insurance policy paid by me to that of his law partner, Mr. Togut.

Enclosed please find
Documents referring to that case.
These have been served on the Togut Firm.

As a result of Mr. Bergen's unlawful forcible taking of my property, locking out all residents of the building for 8 months,in contravention of the law - we have been denied access to our real and personal property, all without right. RPAPL 783 sub. d. 10 law, and RPAPL 783 treble damages are applicable.

As per the securing of the building July 25, 2024 by the NYPD , it appears that a number of items are missing in addition to jewelry and cash from apt 4B.

It was requested that an order be issued to Mr Berger to do the following:

1. Turn over the keys to my property
2. Pay any and all damages caused to me and other residents Occurring as a result of the forcible taking ' lock out.
3. To cease and desist from further enjoinment of my real & personal property.

Regarding appeals, all were filed and fees paid according to the law. No fees were returned.

The actions of Mr . Berger & the Togut firm shock the conscience, including misrepresentation, and actual fraud.

Accordingly, the residents of 15 East 63rd Street need to be made whole and have Mr Berger removed from their residence.

Respectfully,

Marianne Nestor
Co- owner
15 East 63rd Street
New York,NY 10065

**MARIANNE NESTOR**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

- In re:                                          Case No. 23-10627-(MEW)

- Peggy Nestor
- - - - - - - - - - - - - - - - - - - - - - - - - X

November 22, 2024

To whom it may concern,

An Appeal having been filed, Fee paid, by Marianne Nestor, an interested person, not
under the jurisdiction of Judge Wiles of the United Stats Bankruptcy Court.

Appeal made in a timely manner.

Attached are the following:

1.     Statement of Issues,

2.     Reason for Appeal

3.     Documents and designation of items.

Statement of Issues:

A)     The following statements are made by Marianne Nestor regarding the Lockout that
occurred April 30th, 2024 to all residents of 15 East 63rd Street, Block 1378  Lot 12
Manhattan, New York 10065, ("The Property"), over 7 months ago.

B)     The Property is a 7 Unit, Rent Stabilizd Apartment Building, owned by Marianne
Nestor and PeggyNestor since February 23, 1984, over 40 years ago, purchased as
Tenants in Common, which is clearly shown on the Deed on file with NY State and NYC.

MARIANNE NESTOR

C)    As per New York Law, only a filed Deed is valid.  Exhibit One: Certified Copy made of the 2/23/1984 Deed.

D)    The Illegal Lockout, was perpetrated by the Togut law firm, and Neil Matthew Berger, a Partner of said Firm on April 30, 2024, Passover, in conjunction with 7 armed Marshall Guards, without any warning, shouting and breaking all locks on the two main doors, and the side door of the maisonette entry, 15 Bis.  Approximately 7 months ago, Breaking inside doors, screaming and throwing all on the steps in front in the cold at approximately, 8:30AM in their night clothes.

E)    The Property is subject to RPAPL 783 sub.d.10 Law, and RPAPL Law 853 treble damages regarding illegal lockout.

F)    All Possessions, including clothing, art, furniture, were locked inside, and were, and have remained, under the control of Mr. Berger of the Togut Firm.  Some things appear to be missing including a pair of circa 1760 Export Chinese Porcelain Plates, and have not been seen or accounted for since the brutal takeover by Mr. Berger and the Togut Firm.

G)    All is explicitly explained in various letters re: RPAPL to the Court, including, August 1, 2024, (date stamped), August 19 - are attached, and are listed on the Docket. No answer was made by the Court, regarding the Lockout, and all were advised that I, as a non-party, and not under the jurisdiction of the Bankruptcy Court, had every right, as a Citizen to file papers in the correct venue. The Papers filed by Mr. Berger and the Togut firm were deemed invalid as neither Mr. Berger  nor Mr. Togut - were a judge and accordingly had no power to authorize a removal of the Case from Civil Court to the Bankruptcy Court.  I have not filed a Case in the Bankruptcy Court, however, as my voice needs to be heard, I am therefore, filing this Appeal to the District Court.

MARIANNE NESTOR

H)     The Instant Matter is regarding a Commercial Loan to Gemeaux  from Lynx Asset Services, ("Lynx"), in the principal amount of $9.5 million.  The Loan was to a commercial entity, and not an individual, as otherwise, it would be invalid, and the interest rate including fees would be over 16% and considered usury.
The Funds were ready and available to pay off the Loan April, 2023, and are available to payoff to complete.

I)     A Case was filed in the proper venue for Real Estate and Landlord/Tenant Matters Ie: the Civil Court at 111 Centre Street, August 4, 2024, and the OSC Case was to be heard August 19th 2024, in front of Judge Eleanor Ofshtein .

J)     Mr. Berger filed papers to have the Case dismissed.  However, as Mr. Berger was not a Judge, his signature was not valid to authorize removal of a case from Civil Court to the Bankruptcy Court, or District Court.  The Case was put over to November 4, 2024, at the Civil Court by Judge Ofshtein.  Mr. Berger acted as if he had authority to remove a Case to another Court, however, as my voice needs to be heard, I am therefore filing this Appeal to the District Court.

K)     I did not file a Case in Bankruptcy Court, against Mr. Berger and the Law Firm of Togut Segal and Segal, and they are/were not authorized to file any Case in my name. They filed a Case titled: Adversary Proceeding #24-04021 MEW.

L)     The Civil Court Documents of August 19, 2024, were filed by Marianne Nestor in the Bowling Green Court, as information only, and are on the Docket.
M)     On November 4, 2024, (the return date) Judge Ofshtein gave Marianne a copy of a document filed by the Togut Firm signed by Judge Wiles, transferring the Lockout Case, to an Adversary Proceeding in the Bankruptcy Court of Judge Wiles.  I feel that this is improper.  Judge Wiles gave a certain period of time to file an Objection which is done in a timely manner.

**15 EAST 63RD STREET**                                          Page 3

**MARIANNE NESTOR**

N)     Regarding Documents, I was not advised of the April 22, 2024 Order of J Wiles, the OSC of April 23, 2024, or that the appointment of a Trustee could be appealed and many other things the PM Firm did not advise Peggy Nestor of, as well. Apparently, the PM Firm were deficient in their role and representation of Gemeaux.

O)     As I am not under the jurisdiction of the Bankruptcy Court, and am a 50% Owner of the Property, I have a reason to appeal.

2.     <u>REASON FOR APPEAL</u>:

To save my Property, owned for over 4 Decades, since 1984, and our Rent Stabilized, 7 Unit Apartment Building, and to be repaid, according to RPAPL, the Law, and the Loss of Use of the Property by me and other residents of the building for 7 months according, to RPAPL Laws, including RPAPL 853 Treble Damages.

3.     DOCUMENTS AND DESIGNATION OF ITEMS:
None of the Documents that I submitted were responded to by the Court, they are attached and on the Docket listing.
Accordingly, the Appeal is valid, and made in a Timely Fashion.

I have not and did not file a Case in Bankruptcy Court with Judge Wiles-Adversary Proceeding #24-0402 (MEW) on 8/14/2024. This would have been at the time Neil Berger filed, without the signature of Judge Wiles, and as an attorney, and not a Judge, he was not authorized to do so. Attached and on the Docket.

I was not notified of 8/14/2024 Hearing 8/15/2024 pre-trial conference, or any of the documents filed by Mr. Berger including 9/19/2024 hearing.

MARIANNE NESTOR

However, I did answer Mr. Berger's Motion to Intervene, which is attached and on the Docket.

Mr. Berger created an Adversary Proceeding in my name, without my Permission or knowledge thereof. Ie: 24-04021 8/14/2024.

Accordingly, in my Opinion,
Mr. Berger's Actions would be invalid, and my Appeal is valid and correctly filed.

I thank this Court for its Kind Consideration,

Respectfully submitted,

Marianne Nestor
Co-Owner: 15 East 63rd Street NYC, NY 10065

MARIANNE NESTOR

Exhibit One

**MARIANNE NESTOR**

Attachments

MARIANNE NESTOR

Exhibit One

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2020102300818001001ED6AD

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

**Document ID:** 2020102300818001    **Document Date:** 02-23-1984    **Preparation Date:** 10-23-2020
**Document Type:** CORRECT INDEX/DEED-OFFICE USE
**Document Page Count:** 3

| PRESENTER: | RETURN TO: |
|---|---|
| NEW YORK CITY DEPARTMENT OF FINANCE<br>66 JOHN STREET<br>NEW YORK, NY 10038 | NEW YORK CITY DEPARTMENT OF FINANCE<br>66 JOHN STREET<br>NEW YORK, NY 10038 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1378 | 12 | Entire Lot | 15 EAST 63RD STREET |

**Property Type:** APARTMENT BUILDING

**CROSS REFERENCE DATA**

MANHATTAN    **Year:** 1984    **Reel:** 767    **Page:** 1840

**PARTIES**

| GRANTOR: | GRANTEE: |
|---|---|
| KATHERINE BROWNE<br>8643 HOLLOWAY PLAZA<br>LOS ANGELES, CA 90069 | MARIANNE NESTOR<br>257 PARK AVENUE SOUTH<br>NEW YORK, NY 10010 |

☒ Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES:   County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | |
| TASF: | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** |
| MTA: | $ | 0.00 | **OF THE CITY REGISTER OF THE** |
| NYCTA: | $ | 0.00 | **CITY OF NEW YORK** |
| Additional MRT: | $ | 0.00 | Recorded/Filed        10-26-2020 12:07 |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): |
| Recording Fee: | $ | 0.00 | 2020000297552 |
| Affidavit Fee: | $ | 0.00 | |

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER |  |
|---|---|

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2020102300818001001ED6AD

## RECORDING AND ENDORSEMENT COVER PAGE       PAGE 1 OF 5

| Document ID: **2020102300818001** | Document Date: 02-23-1984 | Preparation Date: 10-23-2020 |
|---|---|---|

Document Type: CORRECT INDEX/DEED-OFFICE USE
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| NEW YORK CITY DEPARTMENT OF FINANCE<br>66 JOHN STREET<br>NEW YORK, NY 10038 | NEW YORK CITY DEPARTMENT OF FINANCE<br>66 JOHN STREET<br>NEW YORK, NY 10038 |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1378 | 12 | Entire Lot | 15 EAST 63RD STREET |

Property Type: APARTMENT BUILDING

### CROSS REFERENCE DATA

MANHATTAN    Year: 1984    Reel: 767    Page: 1840

### PARTIES

| GRANTOR: | GRANTEE: |
|---|---|
| KATHERINE BROWNE<br>8643 HOLLOWAY PLAZA<br>LOS ANGELES, CA 90069 | MARIANNE NESTOR<br>257 PARK AVENUE SOUTH<br>NEW YORK, NY 10010 |

☒ Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage : | | Filing Fee: | |
|---|---|---|---|
| Mortgage Amount: | $            0.00 | | $            0.00 |
| Taxable Mortgage Amount: | $            0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $            0.00 |
| TAXES:   County (Basic): | $            0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $            0.00 | | $            0.00 |
| Spec (Additional): | $            0.00 | | |
| TASF: | $            0.00 | | |
| MTA: | $            0.00 | | |
| NYCTA: | $            0.00 | | |
| Additional MRT: | $            0.00 | | |
| TOTAL: | $            0.00 | | |
| Recording Fee: | $            0.00 | | |
| Affidavit Fee: | $            0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed          10-26-2020 12:07
City Register File No.(CRFN):
                                    2020000297552

*City Register Official Signature*

Standard N Y B T F, Form 8002* 11 80 70M - Bargain and Sale Deed, with Covenant against Grantor's Acts - Individual or Corporation (single shee

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

LIBER 767 PAGE 1840

SST OF
$5080

**THIS INDENTURE,** made the **23rd** day of **FEBRUARY**, nineteen hundred and **eighty-four**
**BETWEEN KATHERINE BROWNE, residing at 8643 Holloway Plaza, Los
Angeles, California 90069**

party of the first part, and **MARIANNE NESTOR and PEGGY NESTOR, having an
address at 257 Park Avenue South, New York, New York 10010,**

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the **Borough of Manhattan, City, County and State of New York, bounded and described as follows:**

**BEGINNING at a point on the Northerly side of 63rd Street distant
124 feet 6 inches Westerly from the corner formed by the inter-
section of the Northerly side of 63rd Street and the Westerly side
of Madison Avenue;**

**RUNNING THENCE Northerly** parallel with **THE WESTERLY SIDE OF** Madison Avenue **AND** part of the
distance through a party wall 100 feet 5 inches to the center line
of the block; **BETWEEN 63TH AND 64TH STREET**

**THENCE Westerly parallel with the Northerly side of 63rd Street
25 feet;**

**THENCE Southerly AND AGAIN** parallel with Madison Avenue part of the distance
through **ANOTHER** party wall 100 feet 5 inches to the Northerly side of
**63rd Street;**

**THENCE Easterly along the Northerly side of 63rd Street 25 feet to
the point or place of BEGINNING.**

TAX MAP
DESIGNATION

Dist.

Sec.

Blk. **1378**

Lot(s): **12**

**TOGETHER** with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; **TOGETHER** with the appurtenances and all the estate and rights of the party of the first part in and to said premises; **TO HAVE AND TO HOLD** the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

*Jeffry S. Till*                    *Katherine Browne*

STATE OF NEW YORK, COUNTY OF N.Y.

On the 23 day of FEBRUARY 1984, before me personally came

NO IN ORIGINAL

KATHERINE BROWNE

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

JOSEPH IHRNBERG
Notary Public ... New York
No. ...
...
... March 30 1985

STATE OF NEW YORK, COUNTY OF

On the        day of        19    , before me personally came

REEL 767 PAGE 1841

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that executed the same.

STATE OF NEW YORK, COUNTY OF

On the        day of        19    , before me personally came

to me known, who, being by me duly sworn, did depose and say that   he resides at No.

that   he is the
of                            , the corporation described
in and which executed the foregoing instrument; that   he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that   he signed h   name thereto by like order.

STATE OF NEW YORK, COUNTY OF

On the        day of        19    , before me personally came
the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that   he resides at No.

that   he knows

to be the individual
described in and who executed the foregoing instrument; that   he, said subscribing witness, was present and saw execute the same; and that   he, said witness, at the same time subscribed h   name as witness thereto.

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

TITLE NO. M 21033

KATHERINE BROWNE

TO

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
TITLE GUARANTEE·
NEW YORK
A TICOR COMPANY

SECTION
BLOCK   1378
LOT   12
COUNTY OR TOWN   NEW YORK
TAX BILLING ADDRESS   15 EAST 63 RD STREET

Recorded At Request of The Title Guarantee Company
RETURN BY MAIL TO:

BOOTH, LIPTON & LIPTON
405 Park Avenue
New York, New York
ATT WILL SANSLER ESQ.   Zip No. 10022

RECORDED BY
LTIC ASSOC., INC.
41 East 42 Street
NEW YORK, N.Y. 10017
599-2170

**MARIANNE NESTOR**

Attachments

Marianne Nestor
15 East 63rd Street
New York, NY 10065

FILED
U.S. BANKRUPTCY COURT

2024 NOV -7 P 1: 41

S.D.N...

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X        Chapter 11

In re:

                                                   Case No. 23-10627-(MEW)

Peggy Nestor

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

MARIANNE NESTOR

                       v.        ADV. PRO. NO. 24-04021 (MEW)

NEIL BERGER AND
TOGUT, SEGAL &SEGAL LLP

Please take notice of: Attached Appeal regarding Adv. Pro. No. 24-04021

Docket Number  386  10/25/2024

Respectfully,

*Marianne No*

Marianne Nestor
Co-Owner 15 East 63rd Street NYC 10065
917 679 2558
mariannenestor1@gmail.com

Marianne Nestor                                          November 6. 2024
15 East 63rd Street
New York, NY 10065

To whom it may concern; Reference Order of J Wiles regarding adversary proceeding
commenced by The Togut Firm - Adv. Pro. 24-04021 (MEW). I was given a copy of the
order, November 4, 2024, in the Courtroom - at 111 Center Street, Courtroom 855 by the
Judge.

As the Court is aware, I am not under the jurisdiction of J. Wiles or the Bankruptcy
Court, and did not make a lawsuit against Neil Berger or his law firm, Togut Segal &
Segal, LLP. My suit was made in the proper forum the Civil Court - for illegal lock out.
Attached are specific documents: Exh. A.

I am 50% owner of 15 East 63rd Street, Block 1378, Lot 12, since 2/23/1984, except for
the 690 days, when the Public Administrator of Nassau County, Jeffrey DeLuca had his
name on my 50% undivided ownership. His interest was vacated by Supreme Court
Judge Verna Saunders, September 2020.

No other person or entity has had an interest in the property but Peggy Nestor, my sister
and I for over 40 years.

Attached are specific documents relating to the Civil Court. Exh. A, and previously
(8/19/2024) filed documents which are on the Docket of the Bowling Green Court.

The Court of J Wiles was advised re RPAPL 853 treble damages for lockout on a number
of occasions, including letter dated July 29, 2024, date stamped 8/1/2024 and is on the
Docket, as well as other documents. There was no response from the Bowling Green
Court. As per RPAPL 713 sub.d.10 and RPAPL 853 - I, and my nieces and family were
illegally locked out, and the order is being appealed.

I thank this Court for its kind consideration.

Respectfully,

Marianne Nestor
Co-Owner 15 East 63rd Street NYC 10065
917 679 2558
mariannenestor1@gmail.com

# EXHIBIT  A

MARIANNE NESTOR

Honorable Eleanora Ofshtein
Civil Court of the City of New York
County of New York
111 Centre Street
New York, New York 10013                     November 4, 2024

Index No. 241408
Case LT-1408-24/NY
Room 855 - 9:30AM - 11/4/24
Regarding OSC Case scheduled for November 4, 2024 at 9:30 AM.

Your Honor, Judge Ofshtein,

My name is Marianne Nestor.  Thank you for today's November 4th Meeting.

I have been illegally, unlawfully, and forcibly locked out of my residence since
April 30th, 2024, or, for 7 months, along with my nieces, dogs and my sisters.

All my property is locked up inside, including furniture, art, personal property, etc.

I co-own 15 East 63rd Street ("the Property") with my sister, Peggy Nestor, for over
40 years, since our purchase, 2/23/1984, as Tenants in Common, Block 1378 Lot 12.

I have a 50% undivided Ownership of the Property and I reside there, I am over 65.

Attached, are Certified Copies of the filed Deed, Block 1378, Lot 12, New York County.
dated May 17, 2024 and August 28, 2024. - Exhibit A

The Property is a residential Rent Stabilized Owner Occupied apartment building with
seven apartments.

Apartments in the area go for monthly rentals of between $25,000. to $140,000.

MARIANNE NESTOR

I am not under the jurisdiction of the Bankruptcy Court of J Wiles, nor the Togut firm.

Previously, the Togut firm by one of its partners, Neil Berger, forged stationery in my name to change the Beneficiary of an insurance policy on the Property paid by me, to that of Albert Togut, another partner in the Togut firm, which, in my opinion, is a fraud and a felony.

A corporate Chapter 11 reorganization was misfiled for my sister as a personal Bankruptcy, nothing to do with ownership.

The Gemeaux Ltd. Company, founded in 1973, is the party owing a payback of a Commercial Loan. Otherwise, it would be invalid and in violation of Banking Law 590. Additionally, the interest of over 16% including fees would be usury. The money for the payoff to the lender by Gemeaux, has been ready and is available.

The reorganization was misfiled by the Penachio Malara firm of White Plains. Additionally, as per Letter of July 29, 2024, Date Stamped, August 1, 2024, to the Honorable Michael Wiles, his Honor was made aware of the Illegal Lockout and RPAPL 713 sub.d.10 and RPAPL 853 Treble Damages.

On April 30th 2024, without warning, at approximately 8:00 AM, 8 armed people showed up, within the building, shouting and breaking the locks, breaking doors, banging on the walls, and forcefully placing us on the street. My niece, Connor, was so frightened that she was going to jump across the balcony to the next building, and she texted her mother that she thought she was going to die. She had called 911 NYPD, who never arrived. We later learned, the NYPD was blocked by Mr. Berger.

Afterwards, Mr. Berger and his assistant walked past us as we were left outside in our night clothes on the steps, and they refused to answer or give their names when asked what, why, and who they were. They did not respond.

MARIANNE NESTOR

Judge Wiles was advised of the Illegal Lockout, on a number of occasions, including April 30th, July 29th, August 1st, etc.

No response was given by J Wiles, as I had advised him as a courtesy, although I am not, nor have I ever been under his jurisdiction.

I am a US Citizen, resident of New York City and have certain Civil Rights which have been breached by Neil Berger and the Togut Firm, including the Fourth Amendment. Property belonging to me, my nieces and my sister was removed and not returned by Mr. Berger.

I thank Your Honor's Court for its kind consideration.


Respectfully,

Marianne Nestor

The listing of Exhibits is attached herewith.


Copy being sent to the Neil Berger and the Togut firm both of whose jurisdiction I again confirm, I am not under.

MARIANNE NESTOR

Attached for Your Honor's information are the following Exhibits:

A)  Certified Deeds 15 East 63rd Street Block 1378 Lot 12

B)  Pictures and Voter's Registration for my two nieces, Connor and Diana.

C)  Pictures of the Building and Illegal Lockout. Padlock&Chains on front doors.

D)  The appraised value of the building as per September, 2022 is $55 Million Dollars.

The building Layout is: 25ft. by 100 ft. Approximately 19,000 legal sq.ft.

with 8 Levels and 7 Apartments.

E)  The normal market rental for apartments in the area go from $25,000. to $140,000.

This would be a total Monthly Market Rental of $340,000. including Maisonette

Triplex, Duplex Penthouse with terraces. etc. not including Treble Damages,

RPAPL 853.

My family and I have been locked out of our residence for seven months.

We are respectfully requesting restoration to possession of our Property.

# CIVIL COURT OF THE CITY OF NEW YORK

Your case *(Su caso)* LT-1408-24/NY
has been; *(ha sido:)*

☐ Assigned to: *(Asignado a:)*

☑ Adjourned to: *(Aplazado para:)*

Part: *(Parte:)* _____ N _____

Room: *(Sala:)* _____ 855 _____

Time: *(Hora:)* _____ 9³⁰ _____

Date: *(Fecha:)* _____ 11/4/24 _____

CIV-GP-88 (Rev. 1/98)

23-1062⁷

# MARIANNE NESTOR

Honorable Eleanora Ofshtein
111 Center Street
New York, New York 10013

By Hand Delivery

FILED
U.S. BANKRUPTCY COURT
2024 AUG 19 P 2: 2
S.D. OF N.Y.

Regarding: OSC scheduled for 8/19/2024 at 9:30AM

Your Honor Judge Ofshtein,

My name is Marianne Nestor.

I co-own the Property, 15 East 63rd Street with my sister, Peggy Nestor, for over forty years, since 2/23/1984 as Tenants in Common.

I have a 50% Undivided Ownership of the Property.

Accordingly, I have been unlawfully and forcibly Locked Out of my residence. Along with my nieces, dogs and my sister.

Attached is a Certified Copy of the Filed Deed of the Property: Block 1378, Lot 12, Borough of Manhattan, address: 15 East 63rd Street, 10065. Exhibit A

The Property is a Residential Rent-Stabilized Owner Occupied Apartment Building with Seven Apartments.

My sister, Peggy Nestor and I purchased 15 East 63rd Street 2/23/1984.

I am **not** a Party to a Misfiled bankruptcy proceeding which was a Corporate Business Loan. The basis of this case is a Corporate Loan to Gemeaux Ltd., a New York Company formed in 1973, in the amount of $9,5 Million Dollars.

I am not named nor under the jurisdiction of J. Michael Wiles, or the Togut Firm.

The case was misfiled as a Personal Bankruptcy, which my sister is exiting.

Mr. Berger of the Togut firm, has taken great liberties with the Law. For example, he prepared stationary, that he forged with my name and my sister's name, to make him Broker of Record on an Insurance Policy held on the building that was already paid for by me. Mr. Berger was attempting to make his law firm owner, Mr. Togut the Beneficiary of the Building's insurance policy. This is a fraud.

15 East 63rd Street NYC 10065

# MARIANNE NESTOR

Additionally, as per letter of July 29, 2024, Date Stamped by the Court, Alugust 1, 2024, to the Honorable Michael Wiles, his Honor was made aware of the Illegal Lockout, and later the fraudulent papers created and signed by Mr. Berger regarding insurance.

No response was given by J.Wiles, as I advised him, as a courtesy, although I am not nor ever have been, under his jurisdiction.
I am a US Citizen, and resident of New York City, and have certain rights,, which have been breached by Neil Berger Esq. and the Togut Law Firm, including the Fourth Amendment.  Property was removed by Mr. Berger, without advice or permission.

Attached are photos of April 30, 2024, Passover. Lockout of my building.

I thank your Court for its consideration.

Respectfully,

Marianne Nestor

Copy being sent to the Togut Law Firm and the Court of J. Wiles, which again I confirm that I am not under either entities' jurisdiction.

MARIANNE NESTOR

## EXHIBIT A

Certified Deeds

May 17, 2024 & August 28, 2024

15 EAST 63RD STREET NYC 10065

Print Request ID 2024051700000306 - 0001

# CERTIFIED COPY

## CITY OF NEW YORK

## DEPARTMENT OF FINANCE

## OFFICE OF THE CITY REGISTER, MANHATTAN / NEW YORK COUNTY

The document attached hereto,

Document ID FT_1810000054681, DEED, recorded on
02-27-1984 00:00, page(s) 1 - 2

is a true and correct copy of the original document recorded in the Office of
the City Register of New York on as attested by the City Register on
05-17-2024 12:23

*Colette McCain-Jacques*

Colette McCain-Jacques
City Register



CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

LIBER 767 PAGE 1840

THIS INDENTURE, made the 23rd day of FEBRUARY, nineteen hundred and eighty-four
BETWEEN KATHERINE BROWNS, residing at 8643 Holloway Plaza, Los Angeles, California 90069

party of the first part, and MARIANNE NESTOR and PEGGY NESTOR, having an address at 257 Park Avenue South, New York, New York 10010,

party of the second part,

WITNESSETH, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 63rd Street distant 124 feet 6 inches Westerly from the corner formed by the intersection of the Northerly side of 63rd Street and the Westerly side of Madison Avenue;

RUNNING THENCE Northerly parallel with Madison Avenue part of the distance through a party wall 100 feet 5 inches to the center line of the block between 63rd and 64th STREET

THENCE Westerly parallel with the Northerly side of 63rd Street 25 feet;

THENCE Southerly parallel with Madison Avenue part of the distance through another party wall 100 feet 5 inches to the Northerly side of 63rd Street;

THENCE Easterly along the Northerly side of 63rd Street 25 feet to the point or place of BEGINNING.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.
IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

Case 1:24-cv-08659-JSR S.C. Document 5 Filed 12/31/24 Page 31 of 135

STATE OF NEW YORK, COUNTY OF N.Y.

On the 23 day of FEBRUARY 1984, before me personally came

KATHERINE BROWNE

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

JOSEPH INFRANGET
Notary Public

STATE OF NEW YORK, COUNTY OF

On the day of 19 , before me personally came

REEL 767 PAGE 1841

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that executed the same.

STATE OF NEW YORK, COUNTY OF

On the day of 19 , before me personally came

to me known, who, being by me duly sworn, did depose and say that he resides at No.

that he is the
of
the corporation described
in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed h name thereto by like order.

STATE OF NEW YORK, COUNTY OF

On the day of 19 , before me personally came
the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he resides at No.

that he knows
to be the individual described in and who executed the foregoing instrument; that he, said subscribing witness, was present and saw execute the same; and that he, said witness, at the same time subscribed h name as witness thereto.

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS

Title No. M 9033

KATHERINE BROWNE

TO

SECTION
BLOCK 1375
LOT 12
COUNTY OR TOWN NEW YORK
TAX BILLING ADDRESS 15 EAST 63 rd STREET

Recorded at Request of The Title Guarantee Company
RETURN BY MAIL TO:

BOOTH, LIPTON & LIPTON
405 Park Avenue
New York, New York

ATT WILL SAMUEL ESQ.

Zip No. 10022

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
TITLE GUARANTEE
NEW YORK
A TICOR COMPANY

RECORDED BY
ATCO ASSOC., INC.
41 East 42 Street
New York, N.Y. 10017
661-2270

**NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2020010230081800100IED6AD

PAGE 1 OF 5

**RECORDING AND ENDORSEMENT COVER PAGE**

Document Date: 02-23-1984                Preparation Date: 10-23-2020

| | |
|---|---|
| Document ID: **2020102300818001** | |
| Document Type: CORRECT INDEX/DEED-OFFICE USE | |
| Document Page Count: 3 | |

**PRESENTER:**
NEW YORK CITY DEPARTMENT OF FINANCE
66 JOHN STREET
NEW YORK, NY 10038

**RETURN TO:**
NEW YORK CITY DEPARTMENT OF FINANCE
66 JOHN STREET
NEW YORK, NY 10038

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1378 | 12 | Entire Lot | 15 EAST 63RD STREET |

Property Type: APARTMENT BUILDING

**CROSS REFERENCE DATA**

MANHATTAN    Year: 1984    Reel: 767    Page: 1840

**PARTIES**

**GRANTOR:**
KATHERINE BROWNE
8643 HOLLOWAY PLAZA
LOS ANGELES, CA 90069

**GRANTEE:**
MARIANNE NESTOR
257 PARK AVENUE SOUTH
NEW YORK, NY 10010

☒ Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage : | | | | Filing Fee: | $ | 0.00 |
|---|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | NYC Real Property Transfer Tax: | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | | | | |
| Exemption: | $ | 0.00 | | NYS Real Estate Transfer Tax: | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | | | | |
| City (Additional): | $ | 0.00 | | | | |
| Spec (Additional): | $ | 0.00 | | | | |
| TASF: | $ | 0.00 | | | | |
| MTA: | $ | 0.00 | | | | |
| NYCTA: | $ | 0.00 | | | | |
| Additional MRT: | $ | 0.00 | | | | |
| TOTAL: | $ | 0.00 | | | | |
| Recording Fee: | $ | 0.00 | | | | |
| Affidavit Fee: | $ | 0.00 | | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed          10-26-2020 12:07
City Register File No.(CRFN):
**2020000297552**

*Annette M Hill*
*City Register Official Signature*

Print Request ID 2024082800000584 - 0001

# CERTIFIED COPY

## CITY OF NEW YORK

## DEPARTMENT OF FINANCE

## OFFICE OF THE CITY REGISTER, MANHATTAN / NEW YORK COUNTY

The document attached hereto,

CRFN 2020000297552, CORRECT INDEX/DEED-OFFICE USE, recorded on
10-26-2020 12:07, page(s) 1 - 5

is a true and correct copy of the original document recorded in the Office of
the City Register of New York on as attested by the City Register on
08-28-2024 16:12

*Colette McCain-Jacques*

Colette McCain-Jacques
City Register

Standard N Y B T U T. Form 8002* 15-60-705Y - Bargain and Sale Deed, with Covenant against Grantor's Acts - Individual or Corporation (single shee

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

Eл **767** раge **1840**

SST cut
$5080

THIS INDENTURE, made the 23RD day of FEBRUARY, nineteen hundred and eighty-four
BETWEEN KATHERINE BROWNE, residing at 8643 Holloway Plaza, Los
Angeles, California 90069

party of the first part, and MARIANNE NESTOR and PEGGY NESTOR, having an
address at 257 Park Avenue South, New York, New York 10010,

party of the second part,

WITNESSETH, that the party of the first part, in consideration of Ten Dollars and other valuable consideration
paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs
or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate,
lying and being in the Borough of Manhattan, City, County and State of New
York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 63rd Street distant
124 feet 6 inches Westerly from the corner formed by the inter-
section of the Northerly side of 63rd Street and the Westerly side
of Madison Avenue;

RUNNING THENCE Northerly parallel with THE WESTERLY SIDE OF Madison Avenue part of the
distance through a party wall 100 feet 5 inches to the center line
of the block; BETWEEN 63rd AND 64TH STREET

THENCE Westerly parallel with the Northerly side of 63rd Street
25 feet;

THENCE Southerly AND MORE parallel with Madison Avenue part of the distance
through ANOTHER A party wall 100 feet 5 inches to the Northerly side of
63rd Street;

THENCE Easterly along the Northerly side of 63rd Street 25 feet to
the point or place of BEGINNING.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and
roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances
and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO
HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of
the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything
whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of
the first part will receive the consideration for this conveyance and will hold the right to receive such consid-
eration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply
the same first to the payment of the cost of the improvement before using any part of the total of the same for
any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.
IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above
written.
IN PRESENCE OF:

TAX MAP
DESIGNATION
Dist.
Sec.
Blk. 1378
Lot(s): 12



STATE OF NEW YORK, COUNTY OF N.Y.          ss:

On the 23 day of FEBRUARY 1984, before me personally came

KATHERINE BROWNE

to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that she executed the same.

JOSEPH HUNNEBAR
Notary Public
State of New York
Qualified in Bronx County
Commission Expires March 30 1985

STATE OF NEW YORK, COUNTY OF          ss:

On the          day of          19   , before me personally came
to me known, who, being by me duly sworn, did depose and say that   he resides at No.

that   he is the
of
the corporation described in and which executed the foregoing instrument; that   he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that   he signed h   name thereto by like order.

STATE OF NEW YORK, COUNTY OF          ss:

On the          day of          19   , before me personally came

REEL 767 PAGE 1841

to me known to be the individual described in and who executed the same.

STATE OF NEW YORK, COUNTY OF          ss:

On the          day of          19   , before me personally came
the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that   he resides at No.

that he knows
to be the individual described in and who executed the foregoing instrument; that   he, said subscribing witness, was present and saw execute the same; and that   he, said witness, at the same time subscribed h   name as witness thereto.

**Bargain and Sale Deed**
WITH COVENANT AGAINST GRANTOR'S ACTS
TITLE NO. M 21033

KATHERINE BROWNE

TO

SECTION
BLOCK    1378
LOT   12
COUNTY OR TOWN  NEW YORK
TAX BILLING ADDRESS  15 EAST 63 rd STREET

Recorded At Request of The Title Guarantee Company
RETURN BY MAIL TO:

BOOTH, LIPTON & LIPTON
405 Park Avenue
New York, New York
ATT WILL SANDLER ESQ.  Zip No. 10022

RECORDED BY
LTIC ASSOC., INC.
41 East 42 Street
NEW YORK, N.Y. 10017
599-2170

STANDARD FORM OF NEW YORK BOARD OF TITLE UNDERWRITERS
Distributed by
TITLE GUARANTEE–NEW YORK
A TICOR COMPANY

MARIANNE NESTOR

## EXHIBIT B

Pictures and Voter's Registration of my nieces





Board of Elections
In the City of New York
Manhattan Office
200 Varick Street, 10 Fl
New York, NY 10014

**RETURN SERVICE REQUESTED**

✫ O F F I C I A L ✫
✫ ELECTION ✫ MAIL ✫
*Authorized by the U.S. Postal Service* ✫ ®

**2024 OFFICIAL VOTER INFORMATION**

DATA VALID AS OF 8/28/2024

**November 5, 2024**

October 26–November 3, 2024

PRSRT STD
US POSTAGE **PAID**
BD OF ELECTIONS
CITY OF NEW YORK

411429 7545

\*\*\*\*\*\*\*\*\*\* AUTO\*\*5-DIGIT 10065

C419C10  3602  3201  251597D/25156884-1  T7577  7581
Connor Alexandra A Castellano MS
15 E 63rd St
New York, NY 10065-7209



414297288

PRSRT STD
US POSTAGE **PAID**
BD OF ELECTIONS
CITY OF NEW YORK



☆ O F F I C I A L ☆
**ELECTION MAIL** ☆ ®
Authorized by the U.S. Postal Service

Board of Elections
In the City of New York
Manhattan Office
200 Varick Street, 10 Fl
New York, NY 10014

**RETURN SERVICE REQUESTED**

## 2024 OFFICIAL VOTER INFORMATION

DATA VALID AS OF 8/28/2024

November 5, 2024

October 26—November 3, 2024

*************** AUTO**5-DIGIT 10065
C419C10  3602  3201  2515969/2515687-1  T7677  7581
Diana Ashley A Castellano
15 E 63rd St
New York, NY 10065-7209

MARIANNE NESTOR

EXHIBIT D

The Appraised Value of the Building - $55 Million

15 EAST 63RD STREET NYC 10065

To Whom It May Concern:

The value of the building as per appraisal of September 2022 is:
$55 Million Dollars.  The Building is 25 x 100 with 19.000 Sq. Ft.
with Eight Levels, and Seven Apartments.

Total monthly rental would be $340,000. Including Maisonette Triplex
Duplex Apartment with two terraced Penthouse and two Floor Thru Apartments
And a single apartment with large terrace, two bathrooms, two bedrooms.

# Appraisal Of Real Property



## LOCATED AT

15 E 63rd St
New York, NY 10065
Section: 508   Block: 1378   Lot: 12

## FOR

Nestor Peggy

## OPINION OF VALUE

55,000,000

## AS OF

09/23/2022

## BY

Arieh Goren
Trust Appraisals Inc
1345 Ave of the Americas, 2nd Floor
New York, NY 10105
(866) 918-7878
Eric@Trust-Appraisals.Com
Trust-Appraisals.com



**Trust Appraisals Inc**
**1345 Ave of the Americas, 2nd Floor**
**New York, NY 10105**
**(866) 918-7878**
**Trust-Appraisals.com**

**09/30/2022**

**Nestor Peggy**

Re: Property:      15 E 63rd St
                            New York, NY 10065
      Borrower:      Marianne And Peggy Nestor
      File No.:        00T8246

**Opinion Of Value: $ 55,000,000**
**Effective Date:    09/23/2022**

In Accordance With Your Request, We Have Appraised The Above Referenced Property.  The Report Of That Appraisal Is Attached.

The Purpose Of The Appraisal Is To Develop An Opinion Of Market Value For The Property Described In This Appraisal Report, As Improved, In Unencumbered Fee Simple Title Of Ownership.

This Report Is Based On A Physical Analysis Of The Site And Improvements, A Locational Analysis Of The Neighborhood And City, And An Economic Analysis Of The Market For Properties Such As The Subject.  The Appraisal Was Developed And The Report Was Prepared In Accordance With The Uniform Standards Of Professional Appraisal Practice.

The Opinion Of Value Reported Above Is As Of The Stated Effective Date And Is Contingent Upon The Certification And Limiting Conditions Attached.

It Has Been A Pleasure To Assist You.  Please Do Not Hesitate To Contact Me Or Any Of My Staff If We Can Be Of Additional Service To You.

Sincerely,

**Arieh Goren**
**License or Certification #: 45000041109**
**State: NY      Expires: 09/15/2024**
**Eric@Trust-Appraisals.Com**

860-91-TRUST

## Uniform Residential Appraisal Report                    File # 00T8246

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

SUBJECT

| | |
|---|---|
| Property Address | 15 E 63rd St    City New York    State NY    Zip Code 10065 |
| Borrower Marianne And Peggy Nestor | Owner of Public Record Marianne And Peggy Nestor    County New York |
| Legal Description | Section: 508  Block: 1378  Lot: 12 |
| Assessor's Parcel # 1013780012 | Tax Year 2022    R.E. Taxes $ 183,074 |
| Neighborhood Name The Upper East Side | Map Reference 35614    Census Tract 0122.00 |

Occupant ☒ Owner ☐ Tenant ☐ Vacant    Special Assessments $ 0    ☐ PUD    HOA $ 0    ☐ per year ☐ per month
Property Rights Appraised ☒ Fee Simple ☐ Leasehold ☐ Other (describe) Fair Market Value.
Assignment Type ☐ Purchase Transaction ☐ Refinance Transaction ☒ Other (describe) Address N/A
Lender/Client Peggy Nestor
Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal?    ☐ Yes ☒ No
Report data source(s) used, offering price(s), and date(s). Our Investigation Revealed No Listing Agreement, Option Or Contract Of Sale On The Subject Unit. Data Sources: Owner, Property Shark, O.L.R, And Street Easy.

I ☐ did ☐ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

CONTRACT

Contract Price $    Date of Contract    Is the property seller the owner of public record?    ☐ Yes ☐ No    Data Source(s)
Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower?    ☐ Yes ☐ No
If Yes, report the total dollar amount and describe the items to be paid.

Note: Race and the racial composition of the neighborhood are not appraisal factors.

NEIGHBORHOOD

| Neighborhood Characteristics | | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % |
|---|---|---|---|---|---|---|---|---|
| Location | ☒ Urban ☐ Suburban ☐ Rural | | Property Values | ☐ Increasing ☒ Stable ☐ Declining | | PRICE $ (000) | AGE (yrs) | One-Unit 3 % |
| Built-Up | ☒ Over 75% ☐ 25-75% ☐ Under 25% | | Demand/Supply | ☐ Shortage ☒ In Balance ☐ Over Supply | | Low 1,535 | 20 | 2-4 Unit 3 % |
| Growth | ☐ Rapid ☒ Stable ☐ Slow | | Marketing Time | ☐ Under 3 mths ☒ 3-6 mths ☐ Over 6 mths | | High 77,100 | 200 | Multi-Family 46 % |
| Neighborhood Boundaries | North;South;East;West. See Attached Addenda. | | | | | Pred. 10,000 | 90 | Commercial 4 % |
| | | | | | | | | Other 44 % |

Neighborhood Description See Attached Addenda.    *Present Land Value: Other-50%, Coop-Condo, Community Centers, Parks, Schools, Houses Of Worship.

Market Conditions (including support for the above conclusions) See Attached Addenda.

SITE

Dimensions 25' X 100.42' Subject To Survey    Area 2510 sf    Shape Rectangular    View N;Outdr Prt Cp View;
Specific Zoning Classification Residential R8B    Zoning Description High Density Residential
Zoning Compliance ☒ Legal ☐ Legal Nonconforming (Grandfathered Use) ☐ No Zoning ☐ Illegal (describe) Structure Can Be Rebuilt If Its Burned Down.
Is the highest and best use of the subject property as improved (or as proposed per plans and specifications) the present use? ☒ Yes ☐ No If No, describe The Highest And Best Use Of The Subject Property Is A Single Family Residential Property.

| Utilities | Public | Private | | | Public | Private | Off-site Improvements - Type | Public | Private |
|---|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ Con Edison | Water | ☒ | ☐ D.E.P | Street Macadam | ☒ | ☐ |
| Gas | ☒ | ☐ Key S. | Sanitary Sewer | ☒ | ☐ N.Y.C | Alley None | ☒ | ☐ |

FEMA Special Flood Hazard Area ☐ Yes ☒ No    FEMA Flood Zone X    FEMA Map # 3604970088F    FEMA Map Date 09/05/2007
Are the utilities and off-site improvements typical for the market area? ☒ Yes ☐ No If No, describe N.A.
Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)? ☐ Yes ☒ No If Yes, describe
There Were No Unfavorable Easements Or Encroachments Noted At The Time Of Inspection. The Subject Is Adjacent To A House Of Worship, And Mixed-Use Commercial Properties Exist On The Subject Block. However, No External Influence Was Noted For The Subject Due To Exposure To Noise Or Excessive Volume Of Vehicular/Pedestrian Traffic. This Will Have No Adverse Effect On The Marketability Of The Subject At Our Appraised Value. Proximity To Non-Residential Properties Is Common And Typical For City Urban Areas. The Comparable Feature Similar Competitive Exposures.

IMPROVEMENTS

| General Description | | Foundation | | Exterior Description materials/condition | Interior materials/condition |
|---|---|---|---|---|---|
| Units ☒ One ☐ One with Accessory Unit | | ☐ Concrete Slab ☐ Crawl Space | | Foundation Walls Brick/Good | Floors Hrdwd/Tile-M/Gd |
| # of Stories 6 | | ☒ Full Basement ☐ Partial Basement | | Exterior Walls Limestone-Brk/Gd | Walls Dry Wall/Good |
| Type ☐ Det. ☒ Att. ☐ S-Det./End Unit | | Basement Area 4,670 sq.ft. | | Roof Surface Composition/Good | Trim/Finish Wood/Good |
| ☐ Existing ☒ Proposed ☐ Under Const. | | Basement Finish 100 % | | Gutters & Downspouts Aluminum/Good | Bath Floor Ct-Marble/Good |
| Design (Style) Elevator | | ☐ Outside Entry/Exit ☐ Sump Pump | | Window Type Dbl-Hung-Case/Gd | Bath Wainscot Ct-Marble/Good |
| Year Built 1901 | | Evidence of ☐ Infestation | | Storm Sash/Insulated None Noted | Car Storage ☒ None |
| Effective Age (Yrs) 15 | | ☐ Dampness ☐ Settlement | | Screens No/No | ☐ Driveway  # of Cars 0 |
| Attic ☒ None | | Heating ☐ FWA ☒ HWBB ☐ Radiant | | Amenities Woodstove(s) # 0 | Driveway Surface |
| ☐ Drop Stair ☐ Stairs | | ☐ Other    Fuel Gas | | ☒ Fireplace(s) # 14 ☒ Fence Wall | ☐ Garage  # of Cars 0 |
| ☐ Floor ☐ Scuttle | | Cooling ☒ Central Air Conditioning | | ☒ Patio/Deck Terx3 ☒ Porch Jb X2 | ☐ Carport # of Cars 0 |
| ☐ Finished ☐ Heated | | ☐ Individual ☐ Other | | ☐ Pool None ☒ Elevator | ☐ Att. ☐ Det. ☐ Built-in |

Appliances ☒ Refrigerator ☒ Range/Oven ☐ Dishwasher ☐ Disposal ☐ Microwave ☐ Washer/Dryer ☒ Other (describe)
Finished area above grade contains: 22 Rooms 9 Bedrooms 10.1 Bath(s) 12,476 Square Feet of Gross Living Area Above Grade
Additional features (special energy efficient items, etc.). Non-Realty(Removable) Items Noted In This Report Are For Descriptive Purposes Only And Were Not Considered In Final Value Estimate.
Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.). C3;Kitchen-remodeled-eleven to fifteen years ago;Bathrooms-remodeled-eleven to fifteen years ago;See Attached Addenda.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property? ☐ Yes ☒ No If Yes, describe
Physical Deficiencies Or Adverse Conditions That Affect The Livability, Or Structural Integrity Of The Subject Property Were Not Noted At Time Of Inspection.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)? ☒ Yes ☐ No If No, describe
The Functional Utility, Condition, Use, Design, Appeal, Quality Of Contraction, And Size Of The Subject Property Are Similar And Conforming To Others In The "Immediate" Area.

Form 1004UAD - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

## Uniform Residential Appraisal Report

File # 00T8246

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| There are | N/A | comparable properties currently offered for sale in the subject neighborhood ranging in price from $ | N/A | to $ | N/A | | |
| There are | N/A | comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ | N/A | to $ | N/A | | |
| Address | 15 E 63rd St New York, NY 10065 | 12 E 63rd St New York, NY 10065 | | 8 E 62nd St New York, NY 10065 | | 12 E 69th St New York, NY 10021 | |
| Proximity to Subject | | 0.03 miles SW | | 0.08 miles SW | | 0.27 miles NE | |
| Sale Price | $ | | $ 56,000,000 | | $ 48,000,000 | | $ 59,000,000 |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 4501.25 sq.ft. | | $ 3887.58 sq.ft. | | $ 3645.35 sq.ft. | |
| Data Source(s) | | Acris/Olr/Steasy;DOM 137 | | Acris/Olr/Steasy;DOM 695 | | Acris/Olr/Steasy;DOM 372 | |
| Verification Source(s) | | Corcoran/Douglas Elliman | | Modlin Group | | Brown Harris Stevens | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing | | ArmLth | | ArmLth | | ArmLth | |
| Concessions | | Conv;0 | | Conv;0 | | Conv;0 | |
| Date of Sale/Time | | s01/22;c12/21 | 0 | s09/22;c05/22 | 0 | s03/21;c01/21 | 0 |
| Location | B;AdjPrk; | B;AdjPrk; | | B;AdjPrk; | | B;AdjPrk; | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 2510 sf | 2510 sf | | 2510 sf | | 4017 sf | -5,250,000 |
| View | N;Outdr Prt Cp | N;Outdr Prt Cp | | N;Outdr Prt Cp | | N;Outdr Prt Cp | |
| Design (Style) | AT6;Elevator | AT6;Elevator | | AT6;Elevator | | AT6;Elevator | |
| Quality of Construction | Q3 | Q3 | | Q3 | | Q3 | |
| Actual Age | 121 | 149 | 0 | 114 | 0 | 138 | 0 |
| Condition | C3 | C2 | -4,480,000 | C3 | | C3 | +2,360,000 |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | | Total Bdrms. Baths | | Total Bdrms. Baths | |
| Room Count | 22 9 10.1 | 14 7 7.3 | +100,000 | 17 6 6.6 | +75,000 | 16 4 3.3 | +300,000 |
| Gross Living Area | 12,476 sq.ft. | 12,441 sq.ft. | +54,300 | 12,347 sq.ft. | +200,000 | 16,185 sq.ft. | -5,749,000 |
| Basement & Finished | 4670sf4670sfwu | 2400sf2400sfin | +1,702,500 | 2875sf2875sfin | +1,391,125 | 3400sf3400sfin | +984,250 |
| Rooms Below Grade | 9rr0br2.1ba2o | 3rr0br1.0ba3o | +75,000 | 3rr0br1.1ba5o | +50,000 | 4rr0br1.0ba2o | +75,000 |
| Functional Utility | 1 Family | 1 Family | | 1 Family | | 1 Family | |
| Heating/Cooling | Adequate | Pool/Spa | -350,000 | Jacuzzi,Sauna | -50,000 | Pool/Spa | -350,000 |
| Energy Efficient Items | Thermal Windo | Thermal Windo | | Thermal Windo | | Thermal Windo | |
| Garage/Carport | None | None | | None | | None | |
| Porch/Patio/Deck | Outdr.877 Sf | Outdrs.2100 Sf | -568,695 | Outdrs.2200 Sf | -615,195 | Outdrs.2800 Sf | -894,195 |
| Additional | Jb X 2 | None | +50,000 | Jb X 3 | -25,000 | None | +60,000 |
| Additional | Fpl X14 | Fpl X 2 | +300,000 | Fpl X 9 | +125,000 | Fpl X5 | -75,000 |
| Additional | 1110199 | 1066031/4.1% | +2,296,000 | 1030020/1.5% | +720,000 | 1026362/8% | +4,720,000 |
| Net Adjustment (Total) | | □ + ☒ - | -820,895 | Net Adj. ☒ + □ - | 1,870,930 | Net Adj. ☒ + □ - | -3,828,945 |
| Adjusted Sale Price | | Net Adj. 1.5 % | | Net Adj. 3.9 % | | Net Adj. 6.5 % | |
| of Comparables | | Gross Adj. 17.8 % $ 55,179,105 | | Gross Adj. 6.8 % $ 49,870,930 | | Gross Adj. 35.3 % $ 55,171,055 | |

☐ I ☒ did ☐ did not research the sale or transfer history of the subject property and comparable sales. If not, explain     N/A

My research ☒ did ☐ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.
Data Source(s)     **Geo Data Plus, Llc - Tax Records**
My research ☒ did ☐ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.
Data Source(s)     **Geo Data Plus, Llc - Tax Records**
Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE # 1 | COMPARABLE SALE # 2 | COMPARABLE SALE # 3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | 10/21/2020 | | | |
| Price of Prior Sale/Transfer | $0 | | | |
| Data Source(s) | Geo Data Plus Llc | Geo Data Plus Llc | Geo Data Plus Llc/Acris | Geo Data Plus Llc/Acris |
| Effective Date of Data Source(s) | 09/23/2022 | 09/23/2022 | 09/23/2022 | 09/23/2022 |

Analysis of prior sale or transfer history of the subject property and comparable sales **Deed Recording Was Recorded For The Subject On 11/13/2018 For Consideration Of $0. This Was A Sheriff's Deed - Sale Under Execution And Not An Arm Leangth Transaction And As Such Was Given No Consideration. As Per Sheriff's Deed The Subject Was Auctioned For The Sum Of $6,000,000 Being The Highest Bidder. 10/21/2020 As Per Acris: Deed Cancelled And Set Aside Pursuant To Court Order  Crfn# 2020000277989.  10/21/2020. See Attached Copy Of The Court Order.**

Summary of Sales Comparison Approach     **See Attached Addenda.**

Indicated Value by Sales Comparison Approach $     55,000,000
Indicated Value by Sales Comparison Approach $ 55,000,000     Cost Approach (if developed) $ 55,000,000     Income Approach (if developed) $
**The Sales Compares Approach Is Given All Consideration As It Best Reflects Typical Buyer And Seller Activity In The Marketplace.**

This appraisal is made ☐ "as is", ☒ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or ☐ subject to the following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair: **See Attached Addendum.**

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting conditions, and appraiser's certification, my (our) opinion of the market value, of the real property that is the subject of this report is
$ 55,000,000 , as of 09/23/2022 , which is the date of inspection and the effective date of this appraisal.

## Uniform Residential Appraisal Report

File # 00t8246

**Disclosure:**
I Have Performed No Services, As An Appraiser, Regarding The Property That Is The Subject Of This Report Within The Three-Year Period Immediately Preceding Acceptance Of This AssignmenT

**Comment On Exposure Time Vs. Market Time:**
Exposure Time As Defined By Uspap 2022-2023: Estimated Length Of Time That A Property Interest Being Appraised Would Have Been Offered On The Market Prior To The Hypothetical Consummation Of A Sale At Market Value On The Effective Date Of The Appraisal. Exposure Time Is A Retrospective Opinion Based On An Analysis Of Past Events Assuming A Competitive And Open Market. The Reasonable Exposure Time For The Subject Residence Is Similar To The Estimated Marketing Time Of The Subject, Or 6-12 Months. This Estimate Of Marketing/Exposure Time Is An Estimate. Appraiser Is Not A Real Estate Broker And Is Not Engaged In The Marketing Of Properties. Any Estimate Of Marketing Time Is Subjective And Is A Factor Of Listing Price, Broker/Realtor Choice, Current Market, Subject Condition, Mortgage Availability And Rates Etc.

**F.I.R.R.E.A Certification Statement:**
The Appraiser Certifies And Agrees That This Appraisal Was Prepared In Accordance With The Requirements Of Title Xi Of The Financial Institutions, Reform, Recovery, And Enforcement Act (F.I.R.R.E.A) Of 1989, As Amended (12 U.S.C. 3331 Et Seq.), And Any Applicable Implementing Regulations In Effect At The Time The Appraiser Signs The Appraisal Certification.

**Purpose Of Appraisal**
The Purpose Of This Appraisal Is To Estimate The Market Value Of The Fee Simple Interest As Defined By The Financial Institutions Reform, Recovery And Enforcement Act Of 1989 (F.I.R.R.E.A).

**Scope Of Appraisal**
Extensive Research Of The Market.
Collection And Confirmation Of Indicated Data.
Analysis Of All Data In Order To Arrive At An Appropriate Estimate Of Value.
Reporting Our Conclusions To The Reader Of This Report In Logical Method.

**Intended Use: The Intended Use Of This Appraisal Report Is For The Client To Evaluate The Property That Is The Subject Of This Appraisal.**

**Intended User: The Intended User Of This Appraisal Report Is The Client.**

### COST APPROACH TO VALUE (not required by Fannie Mae)

Provide adequate information for the lender/client to replicate the below cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value) **The Extraction Method Is Utilized To Formulate The Estimate Of Site Value. Land Value Exceeds 30% Of Total Value Due To The Condition Of The Improvements And The Desirability Of The Area And Scarcity Of Available Building Plots. This Will Not Affect Marketability Of The Subject At Our Appraised Value.**

| ESTIMATED ☒ REPRODUCTION OR ☐ REPLACEMENT COST NEW | OPINION OF SITE VALUE | =$ | 33,000,000 |
|---|---|---|---|
| Source of cost data **Local Contractors And Architects.** | DWELLING 12,476 Sq.Ft. @ $ 1,650.00 | =$ | 20,585,400 |
| Quality rating from cost service **Avg** Effective date of cost data 09/23/2022 | 4,670 Sq.Ft. @ $ 1,650.00 | =$ | 7,705,500 |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | Mech.$800k Outdoors: $200k | =$ | 1,000,000 |
| **External Inadequacies: None. Functional Obsolescence: None.** | Garage/Carport Sq.Ft. @ $ | =$ | |
| **Physical Depreciation:15/60=25%, As Is Value Of Site** | Total Estimate of Cost-New | =$ | 29,290,900 |
| **Improvements Reflecting The Existing Structure Value.** | Less Physical Functional External | | |
| | Depreciation 7,322,725 | =$( | 7,322,725) |
| | Depreciated Cost of Improvements | =$ | 21,968,175 |
| | "As-Is" Value of Site Improvements | =$ | 31,825 |
| Estimated Remaining Economic Life (HUD and VA only) 45 Years | INDICATED VALUE BY COST APPROACH | =$ | 55,000,000 |

### INCOME APPROACH TO VALUE (not required by Fannie Mae)

| Estimated Monthly Market Rent $ | X Gross Rent Multiplier | = $ | Indicated Value by Income Approach |
|---|---|---|---|
| Summary of Income Approach (including support for market rent and GRM) | | | |

### PROJECT INFORMATION FOR PUDs (if applicable)

| Is the developer/builder in control of the Homeowners' Association (HOA)? ☐ Yes ☒ No | Unit type(s) ☐ Detached ☐ Attached |
|---|---|

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project

| Total number of phases | Total number of units N/A | Total number of units sold |
|---|---|---|
| Total number of units rented | Total number of units for sale N/A | Data source(s) |

| Was the project created by the conversion of existing building(s) into a PUD? ☐ Yes ☐ No If Yes, date of conversion. |
|---|
| Does the project contain any multi-dwelling units? ☐ Yes ☐ No Data Source |
| Are the units, common elements, and recreation facilities complete? ☐ Yes ☐ No If No, describe the status of completion. |
| Are the common elements leased to or by the Homeowners' Association? ☐ Yes ☐ No If Yes, describe the rental terms and options. |
| Describe common elements and recreational facilities. N/A |

Form 1004UAD - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2020102300818001001ED6AD

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 5 |
|---|---|

Document ID: 2020102300818001    Document Date: 02-23-1984    Preparation Date: 10-23-2020
Document Type: CORRECT INDEX/DEED-OFFICE USE
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| NEW YORK CITY DEPARTMENT OF FINANCE<br>66 JOHN STREET<br>NEW YORK, NY 10038 | NEW YORK CITY DEPARTMENT OF FINANCE<br>66 JOHN STREET<br>NEW YORK, NY 10038 |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1378 | 12 | Entire Lot | 15 EAST 63RD STREET |

Property Type: APARTMENT BUILDING

**CROSS REFERENCE DATA**

MANHATTAN    Year: 1984    Reel: 767    Page: 1840

**PARTIES**

| GRANTOR: | GRANTEE: |
|---|---|
| KATHERINE BROWNE<br>8643 HOLLOWAY PLAZA<br>LOS ANGELES, CA 90069 | MARIANNE NESTOR<br>257 PARK AVENUE SOUTH<br>NEW YORK, NY 10010 |

☒ Additional Parties Listed on Continuation Page

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES:  County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | RECORDED OR FILED IN THE OFFICE | | |
| TASF: | $ | 0.00 | OF THE CITY REGISTER OF THE | | |
| MTA: | $ | 0.00 | CITY OF NEW YORK | | |
| NYCTA: | $ | 0.00 | Recorded/Filed    10-26-2020 12:07 | | |
| Additional MRT: | $ | 0.00 | City Register File No.(CRFN): | | |
| TOTAL: | $ | 0.00 | 2020000297552 | | |
| Recording Fee: | $ | 0.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

*Annette M. Hill*
*City Register Official Signature*



NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER

2020102300818001001CD42D

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | PAGE 2 OF 5 |
|---|---|

Document ID: 2020102300818001          Document Date: 02-23-1984          Preparation Date: 10-23-2020
Document Type: CORRECT INDEX/DEED-OFFICE USE

**PARTIES**
**GRANTEE:**
PEGGY NESTOR
257 PARK AVENUE SOUTH
NEW YORK, NY 10010

Form SCNLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE



Standard N Y B T U. Form 8002* 10-63 10M - Bargain and Sale Deed, with Covenant against Grantor's Acts - Individual or Corporation (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

REEL 767 PAGE 1840

**THIS INDENTURE,** made the 23rd day of FEBRUARY, nineteen hundred and eighty-four
**BETWEEN** KATHERINE BROWNE, residing at 8643 Holloway Plaza, Los
Angeles, California 90069

party of the first part, and MARIANNE NESTOR and PEGGY NESTOR, having an
address at 257 Park Avenue South, New York, New York 10010,

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of Ten Dollars and other valuable consideration
paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs
or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate,
lying and being in the    Borough of Manhattan, City, County and State of New
York, bounded and described as follows:

BEGINNING at a point on the Northerly side of 63rd Street distant
124 feet 6 inches Westerly from the corner formed by the inter-
section of the Northerly side of 63rd Street and the Westerly side
of Madison Avenue;

THE WESTERLY SIDE OF    ALL
RUNNING THENCE Northerly parallel with Madison Avenue part of the
distance through a party wall 100 feet 5 inches to the center line
of the block; BETWEEN 63rd AND 64TH STREET

THENCE Westerly parallel with the Northerly side of 63rd Street
25 feet;
ALL AGAIN
THENCE Southerly parallel with Madison Avenue part of the distance
ANOTHER
through a party wall 100 feet 5 inches to the Northerly side of
63rd Street;

THENCE Easterly along the Northerly side of 63rd Street 25 feet to
the point or place of BEGINNING.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and
roads abutting the above described premises to the center line thereof; TOGETHER with the appurtenances
and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO
HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of
the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything
whereby the said premises have been encumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of
the first part will receive the consideration for this conveyance and will hold the right to receive such consid-
eration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply
the same first to the payment of the cost of the improvement before using any part of the total of the same for
any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.
IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above
written.

In Presence of:

*Jeffry S. Till*

*Katherine Browne*



**Ownership recording  - Page 1**

**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument.The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2020093000776001002EAE3A

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 6 |
|---|---|---|
| Document ID: 2020093000776001 | Document Date: 09-29-2020 | Preparation Date: 10-07-2020 |
| Document Type: COURT ORDER | | |
| Document Page Count: 5 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| PEGGY NESTOR<br>15 EAST 63RD STREET<br>NEW YORK, NY 10065<br>917-558-1382<br>PEGGYNESTOR@AOL.COM | PEGGY NESTOR<br>15 EAST 63RD STREET<br>NEW YORK, NY 10065<br>917-558-1382<br>PEGGYNESTOR@AOL.COM |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1378 | 12 | Entire Lot | 15 EAST 63RD STREET |
| Property Type: | APARTMENT BUILDING | | | |

**CROSS REFERENCE DATA**

CRFN_____  or  DocumentID_____  or _____ Year_____ Reel____ Page____  or  File Number_____

**PARTIES**

| PARTY 1/GRANTOR: | PARTY 2/GRANTEE: |
|---|---|
| BRIAN CURRAN<br>15 EAST 63RD ST<br>NEW YORK, NY 10065 | PEGGY NESTOR |

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | **RECORDED OR FILED IN THE OFFICE** | | |
| MTA: | $ | 0.00 | **OF THE CITY REGISTER OF THE** | | |
| NYCTA: | $ | 0.00 | **CITY OF NEW YORK** | | |
| Additional MRT: | $ | 0.00 | Recorded/Filed      10-09-2020 13:47 | | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | | |
| Recording Fee: | $ | 62.00 | 2020000277989 | | |
| Affidavit Fee: | $ | 0.00 | | | |

*Annette M. Hill*
*City Register Official Signature*

No. 1140321

**Certification**

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

I, Milton Adair Tingling, County Clerk and Clerk of Supreme Court New York County,

do hereby certify that on September 30, 2020 I have compared

the document attached hereto,

DECISION AND ORDER page(s) 5

with the originals filed in my office and the same is a correct transcript

therefrom and of the whole of such original in witness

whereto I have affixed my signature and seal.

MILTON ADAIR TINGLING
NEW YORK COUNTY CLERK

FILED: NEW YORK COUNTY CLERK 09/30/2020 09:22 AM
NYSCEF DOC. NO. 58

INDEX NO. 151042/2019
RECEIVED NYSCEF: 09/29/2020

## SUPREME COURT OF THE STATE OF NEW YORK
### NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. VERNA L SAUNDERS | PART | IAS MOTION 36 |

_____Justice

--------------------------------------------------------------------X

BRIAN CURRAN

        Plaintiff,

    - against -

PEGGY NESTOR,

        Defendant.

--------------------------------------------------------------------X

INDEX NO.   151042/2019

MOTION SEQ. NO.   002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 57

were read on this motion to/for                        DISMISSAL          .

    Motion Sequence 002, a motion to dismiss plaintiff' complaint and cancel the notice pendency recorded on January 30, 2019, is resolved pursuant to the So Ordered Stipulation annexed hereto.

    This constitutes the Decision and Order of the Court.

September 29, 2020

HON. VERNA L SAUNDERS, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED  ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

151042/2019  CURRAN, BRIAN vs. NESTOR, PEGGY
Motion No. 002

Page 1 of 1

1 of 5

FILED: NEW YORK COUNTY CLERK 09/30/2020 09:22 AM

INDEX NO. 151042/2019

NYSCEF DOC. NO. 58

RECEIVED NYSCEF: 09/29/2020

At the IAS Part 36 of the Supreme Court
of the State of New York, held in and for the
County of New York at the Courthouse
thereof, 111 Centre St, New York, New
York on the 21 day of September, 2020

PRESENT: HONORABLE VERNA L. SAUNDERS, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------X    Index No. 151042/2019

BRIAN CURRAN, PUBLIC ADMINISTRATOR OF
NASSAU COUNTY, AS ADMINISTRATOR CTA OF THE
ESTATE OF OLEG CASSINI, DECEASED

                                    Plaintiff,    **SO ORDERED STIPULATION**

                    - against -

PEGGY NESTOR,

                                    Defendant.
------------------------------------------------------X
MARIANNE NESTOR CASSINI and PEGGY NESTOR,    Index No. 155755/2020

                                    Plaintiffs,

                    - against -

BRIAN CURRAN, A PUBLIC ADMINISTRATOR
OF NASSAU COUNTY, AS ADMINSTRATOR
CTA OF THE ESTATE OF OLEG CASSINI,
DECEASED,

                                    Defendant.

------------------------------------------------------X

        IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and between the

parties, each appearing through counsel, that these actions which involve real property known as

and located at 15 East 63rd Street, New York, New York 10065 (Block 1378; Lot 12) ("Subject

Premises") be settled and resolved upon following recitals:

                                                                    1

                                    2 of 5

FILED: NEW YORK COUNTY CLERK 09/30/2020 09:22 AM
NYSCEF DOC. NO. 58

INDEX NO. 151042/2019
RECEIVED NYSCEF: 09/29/2020

1.  The Subject Premises were acquired by Defendant PEGGY NESTOR and Marianne Nestor by Deed dated February 23, 1984 and recorded with the City Register on February 27, 1984 ("1984 Deed");

2.  A Judgment against Marianne Nestor (also known as Marianne Nestor Cassini) in the amount of $50,939,988.48 was issued by the Surrogate's Court of Nassau County on or about January 3, 2018 ("Judgment"));

    a.  A Transcript of Judgment was recorded and filed in the Office of the County Clerk, County of New York on or about January 5, 2018 which was subsequently amended;

3.  Upon an auction by the Sheriff of the Subject Premises held on September 12, 2018, JEFFREY DeLUCA, PUBLIC ADMINISTRATOR OF NASSAU COUNTY, AS ADMINSTRATOR CTA OF THE ESTATE OF OLEG CASSINI,, was the successful bidder and purchased Marianne Nestor Cassini's undivided 50% interest in the Subject Premises.

4.  A Sheriff's Deed dated November 13, 2018 conveying Marianne Nestor Cassini's undivided 50% interest in the Subject Premises to Jeffrey DeLuca, as Public Administrator of Nassau County, as Administrator C.T.A. of the estate of Oleg Cassini, Deceased was recorded with the City Register of the City of New York on November 29, 2018 (CRFN 201800039488);

5.  The Judgment thereafter was rendered voidable by Opinion and Order of the Supreme Court of the State of New York, Appellate Division, Second Department, dated February 13, 2020 (Matter of Cassini, Deceased) (D62044), which found the lower court should have granted an adjournment of the accounting trial in the interim accounting proceeding, which trial gave rise to the $50,939,988.48 monetary

2

Form SCNLGL - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

FILED: NEW YORK COUNTY CLERK 09/30/2020 09:22 AM

NYSCEF DOC. NO. 58

INDEX NO. 151042/2019

RECEIVED NYSCEF: 09/29/2020

judgment as against Marianne Nestor Cassini; and remitted the matter to the Surrogate's Court, Nassau County, for a new trial to be conducted expeditiously; and

WHEREFORE, in light of the Appellate Division, Second Department's Opinion and Order (¶5, *supra*), the Sheriff's Deed (¶4, *supra*) was rendered voidable;

WHEREFORE, rather than engage in protracted litigation regarding the claims and counterclaims in the above-referenced actions, the parties hereto have decided to request the Court order the following:

ORDERED, that the pending motion to dismiss (Motion Seq.2) by defendant Peggy Nestor in the case with index number 151042/2019, is hereby withdrawn; and it is further

ORDERED, that the Sheriff's Deed dated November 13, 2018 and recorded with the City Register of the City of New York on November 29, 2018 (CRFN 2018000039488) be vacated as of the date of this Order; and it is further

ORDERED, that title to the Subject Premises be restored as held by and through the 1984 Deed (¶1, *supra*); and it is further

ORDERED, that no party hereto is required to pay any monies to any other party herein as monetary damages in either action, including but not limited to attorney's fees, costs and disbursements, and the attorneys for the parties shall sign Stipulations of discontinuance, with prejudice, of the above actions simultaneously with the instant stipulation; and it is further

ORDERED that the City Register of the City of New York is directed to cancel and set aside the Sheriff's Deed dated November 13, 2018 and recorded with the City Register of the City of New York on November 29, 2018 (CRFN 2018000039488) for the Subject Premises known as and located at 15 East 63rd Street, New York, New York 10065 (Block 1378; Lot 12); and it is further

3

FILED: NEW YORK COUNTY CLERK 09/30/2020 09:22 AM
NYSCEF DOC. NO. 58

INDEX NO. 151042/2019
RECEIVED NYSCEF: 09/29/2020

ORDERED that the City Register of the City of New York is to record this "So Ordered

Stipulation" against the foregoing property FORTHWITH.

Mahon, Mahon, Kerins & O'Brien, LLC
Attorneys for Brian Curran, Public
Administrator of Nassau County, as
Administrator, CTA of the Estate of Oleg
Cassini, Deceased
254 Nassau Boulevard S.
Garden City South, NY 11530
(516) 538-1111
mbrien@mahonlaw.com

Jason J.
Rebhun, Esq.
Law Offices of Jason J. Rebhun, P.C.
Attorneys for
Marianne Nestor Cassini and
Peggy Nestor
225 Broadway, 38th Floor
New York, NY 10007
(646)201-9392
Jason@jasonrebhun.com

This constitutes the Order of the Court.

ENTER:
SO ORDERED

HON. VERNA L. SAUNDERS, J.S.C.

4

MARIANNE NESTOR

EXHIBIT E

Area Market Rental Comps.

Douglas Elliman

◂ BACK

BUY    RENT    SELL    OUR AGENTS    NEW DEVELOPMENT    COMMERCIAL    🔍

PREVIOUS | NEXT

NEW YORK CITY › LENOX HILL ›

815 Fifth Ave, CLUBHOUSE, Lenox Hill, New York, NY 10065

$50,000 MONTHLY

1 Beds | 1 Baths | Rentals

📷 PHOTOS (8)

📐 FLOOR PLAN

🗺 MAP

♡ SAVE

⤴ SHARE

🖨 PRINT









# Douglas Elliman

NEW YORK CITY

◄◄ BACK

⛶ PHOTOS (21)

▦ FLOOR PLAN    ▥ MAP

NEW YORK CITY › LENOX HILL ›

# 815 Fifth Ave, RESIDENCE, Lenox Hill, New York, NY 10065

## $140,000 MONTHLY

3 Beds | 3 Baths | 1 Half Bath | Rentals

BUY    RENT    SELL    OUR AGENTS    NEW DEVELOPMENT    COMMERCIAL    🔍

MY ACCOUNT    ⚙

PREVIOUS | NEXT

♡ SAVE

⎙ SHARE

🖶 PRINT

◄ BACK

# DouglasElliman

BUY    RENT    SELL    OUR AGENTS    NEW DEVELOPMENT    COMMERCIAL    Q



NEW YORK CITY  ›  UPPER EAST SIDE  ›

PHOTOS (10)    FLOOR PLAN    MAP

## 27 E 79th St, 7/8, Upper East Side, New York, NY 10075

### $38,000 MONTHLY

5 Beds | 5 Baths | 1 Half Bath | Rentals

PREVIOUS | NEXT

♡ SAVE    ⬆ SHARE    🖶 PRINT



**Georgia Kaporis**
Licensed Associate Real Estate Broker
O: 212.702.4052
M: 917.952.2522
Email Me
V-Card



**Charalabos Harry Bakalis**
Licensed Real Estate Salesperson
O: 212.891.7000
M: 917.745.2252
Email Me
V-Card

Source of Data:
Resource

## PROPERTY DESCRIPTION

Click for NYS Housing Discrimination Disclosure Notice & Form

Exquisite Duplex Residence at 27 East 79th Street

Experience unparalleled luxury in Duplex Residence 7 at 27 East 79th Street. This meticulously designed home features 5 bedrooms, a home office, and 5.5 baths, offering breathtaking southern views and partial glimpses of Central Park. Each

NEW YORK CITY

# DouglasElliman

BUY    RENT    SELL    OUR AGENTS    NEW DEVELOPMENT    COMMERCIAL

MY ACCOUNT

« BACK

PREVIOUS | NEXT

NEW YORK CITY  ›  UPPER EAST SIDE  ›

PHOTOS (26)    FLOOR PLAN    MAP

# 988 Fifth Ave, PH, Upper East Side, New York, NY 10075

## $90,000 MONTHLY

3 Beds | 3 Baths | 1 Half Bath | Rentals

SAVE    SHARE    PRINT





**Douglas Elliman**

BUY    RENT    SELL    OUR AGENTS    NEW DEVELOPMENT    COMMERCIAL    🔍

« BACK

NEW YORK CITY › UPPER EAST SIDE ›

# 25 E 77th St, 1204, Upper East Side, New York, NY 10075

UPPER EAST SIDE, NEW YORK, NEW YORK 10075

📷 PHOTOS (10)    📐 FLOOR PLAN    🗺 MAP

$60,000 MONTHLY

3 Beds | 3 Baths | 1 Half Bath | Rentals

♡ SAVE    ⤴ SHARE    🖨 PRINT

PREVIOUS | NEXT







MARIANNE NESTOR

## <u>EXHIBIT C</u>

Pictures of the building and Illegal Lockout.









**15 EAST 63RD STREET NYC 10065**

The original details are restored in place for the iconic



Limestone Mansion designed by famed architect, John Duncan. 1901 - 1903



15 EAST 63RD STREET NYC 10065



The entry area polished limestone & carved marble curved staircase... Curved glass doors leading to 15th Century carved oak Oval room....

GROUND
FLOOR
BRASS
CURVED
WINDOW
AND
INNER
DOOR



15 EAST 63RD STREET NYC 10065

# GALLERY
# BALLROOM

THE LINK BETWEEN THE LIBRARY
AND THE GARDEN ROOM WITH A
TERRACE. DOUBLE HEIGHT
CEILING.

MINSTREL GALLERY.

ORIGINAL FLOORS.

FRENCH CYPHER 'MA' ON
BALUSTRADE

CURVED STAIRCASE OF MARBLE
AND POLISHED LIMESTONE
CHERRY WOOD CARVED AND
CURVED

**15 EAST 63RD STREET NYC 10065**



**15 EAST 63RD STREET NYC 10065**

CIRCA DATED HAND CARVED CEILING MOTIF
THE ORIGINAL POLISHED WOOD LINED LIBRARY
WITH RED MARBLE 18TH CENTURY FIREPLACE,
FRENCH WINDOWS, CRYSTAL CHANDELIER,



**15 EAST 63RD STREET NYC 10065**

CIRCA DATED HAND CARVED CEILING MOTIF
THE ORIGINAL POLISHED WOOD LINED LIBRARY
WITH RED MARBLE 18TH CENTURY FIREPLACE,
FRENCH WINDOWS, CRYSTAL CHANDELIER.





2ND FLOOR FRONT ROOM WITH FRENCH DOORS WITH ORIGINAL HARDWARE AND ORIGINAL WOOD FLOORS.

15 EAST 63RD STREET NYC 10065



ALL BATHROOMS ARE FULLY UPDATED WITH NEW APPLIANCES, TILE FLOORS, MARBLE FLOORS AND MARBLE ENCASED SINKS AND BATHTUBS

15 EAST 63RD STREET NYC 10065

15 EAST 63RD STREET NYC 10065

MAIN STAIRWAY
MARBLE FLOORS AND CUSTOM MADE WOOD HANDRAILS - SKYLIGHT LIGHTS THE STAIRWAY





15 EAST 63RD STREET NYC 10065

ATRIUM LEVEL SHOWROOM/OFFICE WITH MARBLE FLOORS, ARTISAN TILED CEILINGS, ENTERTAINMENT CLOSET, SEPARATE OUTSIDE ENTRANCE (15 BIS), ELEVATOR ACCESS, KITCHEN AND BATH, DRY BAR, CUSTOM BOOK CASE AND CLOSET, ATRIUM AND DOUBLE STAIRS TO DOWNSTAIRS WORKING OFFICE WITH COMPUTERS, PRINTERS, FILING CABINETS, DESKS, AND KITCHENETTE AND 1/2 BATH

BAR AREA





ATRIUM LEVEL OFFICE ALCOVE WITH HIDDEN BAR

# 15 EAST 63RD STREET NYC 10065



OPENING TO GREENHOUSE ATRIUM ROOM   AMDEGA MACHEM

15 EAST 63RD STREET NYC 10065



AUTOMATED GLASS CEILING TO ATRIUM ROOM



15 EAST 63RD STREET NYC 10065

THIRD FLOOR SITTING ROOM WITH MARBLE FIREPLACE, EXQUISITE MOLDING, CRYSTAL CHANDALIER AND LARGE WINDOWS AND ORIGINAL WOOD FLOORS.

15 EAST 63RD STREET NYC 10065



PENTHOUSE DUPLEX
1ST LEVEL HAS SOARING 2 STORY WINDOW, 2 BEDROOM, 2 BATH, 3 MARBLE FIREPLACES, KITCHEN,
LIVING ROOM MARBLE FIREPLACES, CUSTOM HIDDEN CLOSETS, MARBLE INLAID FLOORS, WASHER/
DRYER UNIT

15 EAST 63RD STREET NYC 10065







**15 EAST 63RD STREET NYC 10065**

PENTHOUSE
2ND LEVEL HAS
MARBLE FLOORS,
STAIRS AND HAND RAIL,
BATHROOM, MARBLE
FIREPLACE, KITCHEN
AREA, FRENCH DOOR
AND DOUBLE FRENCH
DOOR ACCESS TO
FRONT OUTSIDE AND
BACK OUTSIDE PATIOS
WITH STUNNING VIEWS
OF NEW YORK CITY.



**WARNING TO RESPONDENT**
## YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN THE AWARD OF POSSESSION TO THE PETITIONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Civil Court of the City of New York**

County of _New York_

Part _N_

24 N 001408

Index Number _____

_Marianne Nestor_

Petitioner,

against

_Neil Matthew Berger_
_Toont Segal & Segal_
_1 Penn Plaza #3335_ Respondent
_New York, NY 10119_

**ORDER TO SHOW CAUSE
IN LIEU OF NOTICE OF PETITION
TO RESTORE TO POSSESSION
[No Existing Proceeding]**

Address: _15 East 103rd St_
(Address of Premises)
_New York, NY_ Apt. # _3A+B_
_10075_ _4A+B_

Upon the annexed Verified Petition of _Marianne Nestor_ ,

the above named Petitioner(s), sworn to on _August 6, 2024_

LET the Respondent(s) or Respondent(s) attorney(s) show cause at a Motion Term of the:
**Civil Court of the City of New York**

Located at: _111 Centre Street, New York, NY 10013_

on: _8/19/24_, at _9:30 A_ M., in Housing Part: _N_, Room _855_
or as soon thereafter as counsel may be heard, why a Judgment should not be rendered:

AWARDING AND RESTORING the Petitioner(s) to possession of the premises;
ISSUING A WARRANT OF EVICTION, FORTHWITH, together with costs and disbursements;
AWARDING TREBLE DAMAGES following RPAPL § 853; and/or
GRANTING such other and further relief as may be just.

FEE PAID
LANDLORD/TENANT
AUG - 6 2024
NEW YORK COUNTY
CIVIL COURT

PENDING the hearing of this proceeding and the entry of a Judgment thereon, Respondent(s) and Respondents attorney(s) or agent(s) is/are:

1. [ ] Stayed from re-letting the subject premises;
2. [ ] Stayed from removing any of the contents of the premises;
3. [ ] Ordered to permit Petitioner access for the limited purpose of obtaining Petitioner's possessions;
4. [ ] _____
5. [ ] _____

SERVICE of a copy of this Order, together with the annexed Verified Petition, upon the Respondent(s)
(Personally) (by Certified Mail, Return Receipt Requested) on or before _8/7/24_
shall be deemed good and sufficient. Proof of such service may be filed in the Clerk's Office of Housing Part before the return date of this Order to Show Cause, or on the date of trial with the Clerk in the Part indicated above. Petitioner may serve these papers in person.

_August 6, 2024_
Date

_____
**Judge, Housing/Civil Court**
ELIZABETH CRONIN
JUDGE, HOUSING COURT

CIV-LT-75 (Revised, March, 2000) [3 ply]

_see_
_(LT-304238-23)_
_(LT-309887-24)_
_on in D today_

**Civil Court of the City of New York**

County of _New York_

Part _N_

[Please Press Hard]

**24 N 001408**

Index Number _____

Marianne Nestor

Petitioner,

against

Neil Matthew Berger suite 3335
Togut Segal + Segal
One Penn Plaza, NY a 10119 Respondent

**VERIFIED PETITION IN SUPPORT OF AN
ORDER TO SHOW CAUSE
To Restore to Possession
[RPAPL § 713, Subd. 10]**

Address: 15 East 63rd St

New York, NY 10075 Apt. # 3A+B
(Address of Petitioner)                4A+B

## PETITION

1. The Petitioner, _Marianne Nestor_ _building_, is the lawful occupant and the _CO-owner_ of the above indicated apartment and has resided there since _2/23/1984_.

2. The Respondent(s) _Neil Matthew Berger esq._ _+owned premises_,

   a) is/are the _an attorney ∈ Togut Segal + Segal Law firm_ of the subject premises and is/are currently in possession: _of 1' Penn Plaza, NYC, NY_

   b) gained occupancy forcibly, without the consent or authorization of the Petitioner, and continue(s) to forcibly and unlawfully withhold possession from the Petitioner *(obtained possession by force, without permission of the Petitioner, and continue(s) to keep Petitioner from possession by force and unlawfully);*

   c) has/have not been in quiet enjoyment of the subject premises for three ~~years~~ _months_ *(took possession less than three years ago).*

   d) Description of facts: _April 30, 2024 Mr Berger arrived with_ _6 armed guards forcibly evicting me from a property I have owned with my sister since 2/23/1984_

3. Petitioner requests that an Order be entered placing the case on the calendar for trial on a day certain on the issue of whether or not a Judgment should be rendered:

   a) awarding and restoring the Petitioner to possession of the subject premises;

   b) providing for the issuance of a warrant of eviction forthwith, together with costs and disbursements; and

   c) awarding treble damages following RPAPL § 853.

4. Petitioner further requests permission be granted for the petitioner to serve these papers in person, and such other relief as this Court deems proper.

5. No prior application has been made for the relief sought herein.

_8/6/2024_
Date

_Marianne N_
Signature of Petitioner

## VERIFICATION

State of New York, County of _____ ss.:

_____, being duly sworn, deposes and says:

s/he is the petitioner named above, that petitioner has read the petition and knows the truth of the contents thereof except for those matters alleged to be on information and belief, and as to those matters petitioner believes them to be true.

Sworn to before me this _____ day of _____, 20 ____

_____
Signature of Court Employee and Title, or Notary Public

_Marianne Nester_
Signature of Petitioner

CIV-LT-15 (Revised, March, 2000) (3 ply)

MARIANNE NESTOR

23-20622

Judge Michael E. Wiles
United States Bankruptcy Court
One Bowling Green
New York, New York 10004

FILED
U.S. BANKRUPTCY COURT

2024 AUG 19 P 12: 51

S.D. OF N.Y.

August 19, 2024

Your Honor, Judge Wiles,

As Your Honor is aware, I, Marianne Nestor, am not under the jurisdiction of your Court, nor your Pen.

I was illegally Locked Out of my residence, without warning, by Neil Berger, Esq. of the Togut Law Firm, April 30, 2024, as were my nieces, my two dogs and my sister.

Your Honor's Court was notified of the Illegal Lockout by letter, to Your Honor's, Court, filed August 1, 2024, letter dated July 31, 2024, regarding RPAPL 713 Sub.d.10 and RPAPL 853. No response was received from Your Honor.

Mr. Berger confessed to removing Documents and Property belonging solely to me, on July 18th, 2024, or, seven days after he had removed my Property, without any advice, purportedly taking all to the offices of Vinay Argawal - whose appointment as an accountant as well as that of the Phillips Nizer Law Firm, is/ was on appeal, (Fee Paid). Mr. Berger, again, took the Law into his own hands. I have appealed and placed Objections, into Your Honor's Court, to no avail.

I am hereby formally requesting from Your Honor, the return of my property to my residence: Apartment 3A/3B/4A/4B at 15 East 63rd Street, Block 1378 Lot 12, Borough Manhattan.

Apparently, after the NYPD secured our building 7/25/2024, and pictures were taken, much property including my Circa 1760 Chinese Export Porcelain Plates have disappeared or been removed under the stewardship of Neil Berger Esq. of the Togut Firm. Mr. Berger has committed Perjury and Identity Theft two times - May 10. 2024 and August 2, 2024 writing Letters to my Insurance Carrier on stationery he created/forged. The stationery had my name and my sister Peggy's name, confirming himself as Broker of Record, and Al Togut, Beneficiary of the Policy. The aforementioned two letters of May 10th and August 2nd, were signed by Neil Berger Esq. on stationary he created with my name and my sister's name on, May 10th and August 2nd, 2024.

I am shocked that this could be tolerated in Your Honor's Court. Your Honor's Order, allowing the Togut Law Firm to borrow money for an insurance policy costing $200,000. Dollars more than the existing one in place, which is paid thru June 2025, by allowing a lien and loan to be taken out by the Togut firm on my Property, (I am a 50% Owner since 1984, confirmed by Certified Deed on File), is wrong. I strongly Object and have filed an Appeal.
**The named Beneficiary is Albert Togut Esq. of the Togut Law Firm.**
*Anyone would state that: 'Something Smells'.*

**15 EAST 63RD STREET NYC 10065**

**MARIANNE NESTOR**

As Your Honor is aware, the Case re: a Personal Bankruptcy, was misfiled by the White Plains Firm of Penachio Malara. Ms. Penachio advised me that she was a good friend of Mr. Berger, who helped her with her homework on the train to NYC, when she attended Fordham. Apparently this Misfiling illustrates that his help was insufficient.

This Matter is/was a Business Loan to Gemeaux Ltd. (a New York Company formed in 1973), by Lynx Assets, Services, a Florida Company, based in New Jersey. Lynx Assets Services, is the same company, that is purportedly making a Loan to the Togut Firm of $3,4 Million based on an additional Lien on my Property. This would be a Major Conflict of Interest, and is being appealed in spite of Mr. Oswald's Declaration in your Honor's Court, 7/25/2024.

The Borrower, Gemeaux Ltd. was never named or served in the Claim. As indicated, Gemeaux Ltd. would be pleased to pay off the Claim.

The behavior of the Togut Firm, and the inappropriate actions of the Penachio Malara Firm, shock the conscience.

I wanted Your Honor to be aware of the collusion and theft on the part of Mr. Berger, a Partner, at the Togut Firm.

I await your advice, and, I thank Your Honor, and Your Court for its consideration.

Looking forward to hearing from you, and again, thank you for holding the elevator door, it was a good ride.

*Respectfully,*

*Marianne Nestor*

*PS: I never received my automatic 50% of my husband's Estate where I was Sole Beneficiary with the exception of two Bequests completed 10/14/2011, nor the $50,000. cash payment required by Law to a Widow, from the Nassau Court, or the illegal unbonded receiver, whose appointment was vacated by the AD2, on 2/13/2020. Accordingly, all of Ms. Baiamonte's actions would be illegally done.*

**15 EAST 63RD STREET NYC 10065**



**WARNING TO RESPONDENT**

**YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN**
**THE AWARD OF POSSESSION TO THE PETITIONER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Civil Court of the City of New York

County of _New York_

Part _N_

_Marianne Nestor_

Petitioner,

against

_Neil Matthew Berger_
_Tochut Segal & Segal_
_1 Penn Plaza #3335_ Respondent
_New York, NY 10119_

Index Number _24_     _1408_

**ORDER TO SHOW CAUSE**
**IN LIEU OF NOTICE OF PETITION**
**TO RESTORE TO POSSESSION**
**[No Existing Proceeding]**

Address: _15 East 103rd St_
(Address of Premises)
_New York, NY_     Apt. # _3A TB_
_10075_     _4A TB_

Upon the annexed Verified Petition of _Marianne Nestor_

the above named Petitioner(s), sworn to on _August 6, 2024_

LET the Respondent(s) or Respondent(s) attorney(s) show cause at a Motion Term of the:
**Civil Court of the City of New York**

Located at: _111 Centre Street, New York, NY 10013_

on: _8/19/24_, at _9:30_ A. M., in Housing Part: _N_, Room _855_
or as soon thereafter as counsel may be heard, why a Judgment should not be rendered:

AWARDING AND RESTORING the Petitioner(s) to possession of the premises;
ISSUING A WARRANT OF EVICTION, FORTHWITH, together with costs and disbursements;
AWARDING TREBLE DAMAGES following RPAPL § 853; and/or
GRANTING such other and further relief as may be just.

PENDING the hearing of this proceeding and the entry of a Judgment thereon, Respondent(s) and Respondents
attorney(s) or agent(s) is/are:
1. [ ] Stayed from re-letting the subject premises;
2. [ ] Stayed from removing any of the contents of the premises;
3. [ ] Ordered to permit Petitioner access for the limited purpose of obtaining Petitioner's possessions;
4. [ ]
5. [ ]

SERVICE of a copy of this Order, together with the annexed Verified Petition, upon the Respondent(s)
(Personally) (by Certified Mail, Return Receipt Requested) on or before _8/7/24_
shall be deemed good and sufficient. Proof of such service may be filed in the Clerk's Office of Housing Part before the
return date of this Order to Show Cause, or on the date of trial with the Clerk in the Part indicated above. Petitioner may
serve these papers in person.

_August 6, 2024_
Date

Judge, Housing/Civil Court

CIV-LT-75 (Revised, March, 2000) [3 ply]

_See_
_(LT-304238-23)_
_(LT-309887-24)_

**Civil Court of the City of New York**

County of _New York_

Part N

**[Please Press Hard]**

Index Number ___24. 1408___

_Marianne Nester_

Petitioner,

against

_Neil Matthew Berger cwth
Togut Segal + Segal        3385
One Penn Plaza
New York NY        10119_ Respondent

**VERIFIED PETITION IN SUPPORT OF AN
ORDER TO SHOW CAUSE
To Restore to Possession
[RPAPL § 713, Subd. 10]**

Address: _15 East 33rd St_

(Address of Petitioner)

_New York, NY 10016_ Apt. # _34 A_
                                              _1408_

## PETITION

1. The Petitioner, _Marianne Nester (Harding_, is the lawful occupant and the
_Co-owner_ of the above indicated apartment, and has resided there since _2/23/1984_.

2. The Respondent(s) _Neil Matthew Berger esq. + Sped members_ ,

a) is/are the _One Hurney, Togut Segal + Segal Law firm_ of the subject premises and is/are currently in possession;
_at 1 Penn Plaza, NYC, NY_

b) gained occupancy forcibly, without the consent or authorization of the Petitioner, and continue(s) to forcibly
and unlawfully withhold possession from the Petitioner _(obtained possession by force, without permission of the
Petitioner, and continue(s) to keep Petitioner from possession by force and unlawfully);_

c) has/have not been in quiet enjoyment of the subject premises for three years _months_ _(took possession less than three
years ago)._

d) Description of facts: _Apr/30,2024 Mr Berger assisted with
6 armed guards forcibly evicting me from a property I have work
with my people since 2/23/1984_

3. Petitioner requests that an Order be entered placing the case on the calendar for trial on a day certain on the issue of
whether or not a Judgment should be rendered:

a) awarding and restoring the Petitioner to possession of the subject premises;

b) providing for the issuance of a warrant of eviction forthwith, together with costs and disbursements; and

c) awarding treble damages following RPAPL § 853.

4. Petitioner further requests permission be granted for the petitioner to serve these papers in person, and such other relief
as this Court deems proper.

5. No prior application has been made for the relief sought herein.

_8/16/2024_
Date

Signature of Petitioner

## VERIFICATION

State of New York, County of _____ ss.:

_____, being duly sworn, deposes and says:
s/he is the petitioner named above, that petitioner has read the petition and knows the truth of the contents thereof except
for those matters alleged to be on information and belief, and as to those matters petitioner believes them to be true.

Sworn to before me this _____ day of _____, 20 _____

_____
Signature of Court Employee and Title, or Notary Public

_____
Signature of Petitioner

CIV-LT-15 (Revised. March, 2000) (3 ply)

# Civil Court of the City of New York

County of _____ NY

Part _____ N/P

Marianne Nexter

Claimant(s)/Plaintiff(s)/Petitioner(s)

*against*

Neil Matthew Berger
Togut Seyal et al

Defendant(s)/Respondent(s)

Index Number _____ 1408-24/NY

Motion Cal. # _____ Motion Seq. # _____

## DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Notice of Motion and Affidavits Annexed......... | ____ |
| Order to Show Cause and Affidavits Annexed..... | ____ |
| Answering Affidavits ................................. | ____ |
| Replying Affidavits.................................... | ____ |
| Exhibits ................................................ | ____ |
| Other.................................................... | ____ |

Upon the foregoing cited papers, the Decision/Order on this Motion to _____ is as follows:

This alleged lockout commenced by OSC in lieu of Notice of Petition on 8/6/24. In the interim, this Court received an Order of Removal of this proceeding which allowed the Trustee (Chapter 11 Trustee Bankruptcy Court Index # 23-10627 (MEW) + Adv.Pro # 24-04022 (MEW).) to intervene & dismissed this Case. Therefore, the case is deemed dismissed per Order (NYSCEF #6).

Date 11/8/24

Judge, Civil Court

ALEXANDRA QUINTEEN
HOUSING PART COURT

CIV-GP-85 (Revised, September, 1999)

MDisCs, CLOSED

# U.S. Bankruptcy Court
## Southern District of New York (Manhattan)
## Adversary Proceeding #: 24–04021-mew

*Assigned to:* Judge Michael E. Wiles
*Lead BK Case:* 23-10627
*Lead BK Title:* Peggy Nestor
*Lead BK Chapter:* 11
*Demand:*

*Date Filed:* 08/14/24
*Date Terminated:* 10/25/24
*Date Removed From State:* 08/14/24

*Nature[s] of Suit:* 02 Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)

*Plaintiff*
-----------------------
**Marianne Nestor**

represented by **Marianne Nestor**
PRO SE

V.

*Defendant*
-----------------------
**Neil Berger**

represented by **Neil Berger**
Togut, Segal & Segal LLP
1 Penn Plaza, Ste., 3335
New York, NY 10119
(212) 509-5000
Fax : (212) 967-4258
Email: neilberger@teamtogut.com
*LEAD ATTORNEY*

**Neil Matthew Berger**
Togut, Segal & Segal LLP
One Penn Plaza
New York, NY 10119
(212) 594-5000
Fax : (212) 967-4258
Email: neilberger@teamtogut.com

*Defendant*
-----------------------
**Togut, Segal & Segal LLP**

represented by **Neil Berger**
(See above for address)
*LEAD ATTORNEY*

Neil Matthew Berger
(See above for address)

**Trustee**
--------------------
**Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor**

represented by **Neil Matthew Berger**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 08/14/2024 | ⊜ 1<br>(90 pgs; 5 docs) | Adversary case 24-04021. Complaint against Neil Berger, Togut, Segal & Segal LLP *1:24-cv-6143 (JMF)* (Fee Amount $ 350.) (Receipt Number 29746077.). Nature(s) of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) Filed by Marianne Nestor. (Attachments: # 1 Doc #2 Civil Cover Sheet # 2 Doc # 3 Notice of Removal # 3 Doc #4 SDNY Transfer Order # 4 SDNY Docket Sheet) (Pisarczyk, Gladys) (Entered: 08/14/2024) |
| 08/14/2024 | ⊜ 2<br>(2 pgs; 2 docs) | Notice of Case Reassignment From Judge Philip Bentley to Judge Michael E. Wiles. Judge Michael E. Wiles added to the case. (Porter, Minnie). (Entered: 08/14/2024) |
| 08/15/2024 | ⊜ 3<br>(1 pg) | Notice of Pre-Trial Conference for a Removed Case with Pre-Trial Conference set for 9/19/2024 at 11:00 AM at Courtroom 617 (MEW), (Porter, Minnie) (Entered: 08/15/2024) |
| 08/16/2024 | ⊜ 4<br>(3 pgs) | Certificate of Mailing Re: Notice of Case Reassignment (related document(s) (Related Doc # 2) . Notice Date 08/16/2024. (Admin.) (Entered: 08/17/2024) |
| 08/27/2024 | ⊜ 5<br>(111 pgs) | Motion to Dismiss Case */(Hearing Date: September 19, 2024 at 11:00 a.m., Objection Deadline: September 12, 2024 at 4:00 p.m.) Notice of Hearing and Chapter 11 Trustee's Motion for Order: (I) Permitting the Trustee to Intervene as a Necessary Party; (II) Dismissing the Removed Action; And (III) Enjoining Marianne Nestor Cassini from Filing Pleadings in this or any Other Court without Prior Bankruptcy Court Approval (Attachments: Exhibit A: Proposed Order, Exhibit B: Togut Declaration, Exhibit 1 to Ex B: NYS Civil Court Docket and Appearance Detail, Exhibit 2 to Ex B: Copy of Notice of Removal filed in NYS Civil Court, Exhibit 3 to Ex B: Letter to Honorable Eleanor Ofshtein, Exhibit 4 to Ex B: NYS Civil Court Order Adjourning Order to Show Cause, Exhibit 5 to Ex B: July 25, 2024 Hearing Transcript Excerpt, Exhibit 6 to Ex B: May 8, 2024 Hearing Transcript Excerpt)* filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor, Neil Berger, Togut, Segal & Segal LLP with hearing to be held on 9/19/2024 at 11:00 AM at Courtroom 617 (MEW) Responses due by 9/12/2024,. (Berger, Neil) (Entered: 08/27/2024) |
| 08/28/2024 | ⊜ 6<br>(3 pgs) | Affidavit of Service *of Notice of Hearing of Chapter 11 Trustee's Motion for an Order: (I) Permitting the Trustee to Intervene as a Necessary Party; (II) Dismissing the Removed Action; And (III) Enjoining Marianne Nestor Cassini from Filing Pleadings in this or Any Other Court Without Prior Bankruptcy Court Approval (related document(s)5)* Filed by Neil Matthew |

| | | |
|---|---|---|
| | | Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor, Neil Berger, Togut, Segal & Segal LLP. (Berger, Neil) (Entered: 08/28/2024) |
| 09/30/2024 | 7 (8 pgs) | Statement /(Hearing Date: October 2, 2024 at 10:00 a.m.) Supplement in Support of Chapter 11 Trustee's Motion for Order: (I) Permitting the Trustee to Intervene as a Necessary Party; (II) Dismissing the Removed Action; and (III) Enjoining Marianne Nestor Cassini from Filing Pleadings in this or any Other Court Without Prior Bankruptcy Court Approval (Attachment: Summary of Marianne Nestor Cassini Filings Since Trustee Appointment) (related document(s)5) filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor, Neil Berger, Togut, Segal & Segal LLP. with hearing to be held on 10/2/2024 at 10:00 AM at Courtroom 617 (MEW) (Berger, Neil) (Entered: 09/30/2024) |
| 09/30/2024 | 8 (2 pgs) | Statement / Joint Exhibit List for Hearing on Chapter 11 Trustee's Motion for Order: (I) Permitting the Trustee to Intervene as a Necessary Party; (II) Enjoining Marianne Nestor Cassini from Filing Pleadings in This or Any Other Court Without Prior Bankruptcy Court Approval (related document(s)5) filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor. with hearing to be held on 10/2/2024 at 10:00 AM at Courtroom 617 (MEW) (Berger, Neil) (Entered: 09/30/2024) |
| 09/30/2024 | 9 (10 pgs) | Notice of Agenda /(Hearing Date: October 2, 2024 at 10:00 am.) Agenda of Matters Scheduled for Hearing on October 2, 2024 (related document(s)8, 6, 1, 2, 3, 7, 5) filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor. with hearing to be held on 10/2/2024 at 10:00 AM at Courtroom 617 (MEW) (Berger, Neil) (Entered: 09/30/2024) |
| 10/01/2024 | 10 (4 pgs) | Affidavit of Service of Supplement in Support of Chapter 11 Trustees Motion for Order: (I) Permitting the Trustee to Intervene as a Necessary Party; (II) Dismissing the Removed Action; and (III) Enjoining Marianne Nestor Cassini from Filing Pleadings in this or any Other Court Without Prior Bankruptcy Court Approval (related document(s)7) Filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor. (Berger, Neil) (Entered: 10/01/2024) |
| 10/01/2024 | 11 (3 pgs) | Affidavit of Service of Joint Exhibit List for Hearing on Chapter 11 Trustees Motion for Order: (I) Permitting the Trustee to Intervene as a Necessary Party; (II) Dismissing the Removed Action; and (III) Enjoining Marianne Nestor Cassini from Filing Pleadings in This or Any Other Court Without Prior Bankruptcy Court Approval (related document(s)8) Filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor. (Berger, Neil) (Entered: 10/01/2024) |

| | | |
|---|---|---|
| 10/01/2024 | ◉ 12 (11 pgs) | Notice of Agenda /(Hearing Date: October 2, 2024 at 10:00 a.m.) Amended Agenda of Matters Scheduled for Hearing on October 2, 2024 at 10:00 a.m. (related document(s)8, 6, 1, 2, 3, 7, 5, 11, 10) filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor. with hearing to be held on 10/2/2024 at 10:00 AM at Courtroom 617 (MEW) (Berger, Neil) (Entered: 10/01/2024) |
| 10/09/2024 | ◉ 13 (5 pgs) | Notice of Proposed Order /(Presentment Date: October 24, 2024 at 12:00 p.m., Objection Deadline: October 21, 2024 at 12:00 p.m.) Notice of Presentment of Order: (I) Permitting The Chapter 11 Trustee To Intervene As A Necessary Party; (II) Dismissing the Removed Action; And (III) Enjoining Marianne Nestor Cassini from Commencing Any Legal Actions Against the Trustee or His Representatives in any Other Non-Appellate Court Without Bankruptcy Court Approval (Attachments: Proposed Order) (related document(s)1, 5) filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor. with presentment to be held on 10/24/2024 at 12:00 PM at Courtroom 617 (MEW) Objections due by 10/21/2024, (Berger, Neil) (Entered: 10/09/2024) |
| 10/09/2024 | ◉ 14 (3 pgs) | Affidavit of Service Notice of Presentment of Order: (I) Permitting the Chapter 11 Trustee to Intervene as a Necessary Party; (II) Dismissing the Removed Action; And (III) Enjoining Marianne Nestor Cassini From Commencing Any Legal Actions Against the Trustee or His Representatives in Any Other Non-Appellate Court Without Bankruptcy Court Approval (related document(s)13) Filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor. (Berger, Neil) (Entered: 10/09/2024) |
| 10/22/2024 | ◉ 16 (166 pgs) | Transcript regarding Hearing Held on 10/2/2024 at 9:52 AM RE: Pretrial Conference; Motion to Dismiss; Supplement In Support Of Chapter 11 Trustees Motion For Order: (I)Permitting The Trustee To Intervene As A Necessary Party; (II) Dismissing The Removed Action; And (III) Enjoining (II) Dismissing The Removed Action; And (III) Enjoining Marianne Nestor Cassini From Filing Pleadings In This Or Any Other Court Without Prior Bankruptcy Court Approval. Remote electronic access to the transcript is restricted until 1/21/2025. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: eScribers, LLC.]. (See the Courts Website for contact information for the Transcription Service Agency.) (RE: related document(s) 5). Notice of Intent to Request Redaction Deadline Due By 10/29/2024. Statement of Redaction Request Due By 11/12/2024. Redacted Transcript Submission Due By 11/22/2024. Transcript access will be restricted through 1/21/2025. (Ortiz, Carmen) (Entered: 10/29/2024) |
| 10/25/2024 | ◉ 15 (6 pgs) | Order signed on 10/25/2024 permitting the chapter 11 trustee to intervene as a necessary party; dismissing the removed action; and enjoining Marianne Nestor Cassini a/k/a Marianne Nestor or Marianne Cassini from commencing further actions against the trustee or his representatives in any court other than this court (or in an appellate court to this court) except with this court's prior approval (related document(s)5, 13). (DePierola, Jacqueline) (Entered: 10/25/2024) |
| 10/25/2024 | ◉ | Adversary Case 1:24-ap-4021 Closed. This Adversary Proceeding is Closed Subject to the Filing of a Notice of Appeal Within Fourteen (14) |

| | | |
|---|---|---|
| | | Days of the Entry of the Order Terminating this Adversary Proceeding. (DePierola, Jacqueline) (Entered: 10/25/2024) |
| 10/30/2024 | 🔳 17<br>(5 pgs) | Affidavit of Service *of Notice of Order Dismissing Removed State Court Action with Prejudice* (related document(s)15) Filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor, Neil Berger, Togut, Segal & Segal LLP. (Berger, Neil) (Entered: 10/30/2024) |
| 11/05/2024 | 🔳 18<br>(3 pgs) | Affidavit of Service *of Order: (I) Permitting the Chapter 11 Trustee to Intervene as a Necessary Party; (II) Dismissing the Removed Action; and (III) Enjoining Marianne Nestor Cassini a/k/a Marianne Nestor or Marianne Cassini from Commencing Further Actions Against the Trustee or His Representatives in Any Court Other than this Court (or in an Appellate Court to this Court) Except with this Courts Prior Approval* (related document(s)15) Filed by Neil Matthew Berger on behalf of Albert Togut, Not Individually But Solely in His Capacity as the Chapter 11 Trustee of the Estate of Peggy Nestor. (Berger, Neil) (Entered: 11/05/2024) |
| 11/07/2024 | 🔳 19<br>(2 pgs) | Letter *with exhibits filed by Marianne Nestor with the New York Civil Court (Index No. LT-001408-24/NY), referencing closed adv. pro. no. 24-4021-mew and Order signed on 10/25/2024 in case no. 23-10627 doc. 386, holding Marianne Nestor Cassini a/k/a Marianne Nestor in contempt and imposing coercive civil sanctions.* Filed by Marianne Nestor. (Cappiello, Karen) Additional attachment(s) added on 11/7/2024 (Bush, Brent). (Entered: 11/07/2024) |

Peggy Nestor
15 East 63rd Street
New York, New York 10065
917 558 1382

FILED
U.S. BANKRUPTCY COURT
2024 JUL 24 P 2: 26
S.D.N.Y.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:

PEGGY NESTOR

- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Chapter 11
Case No. 23-10627 (MEW)

Honorable Michael E. Wiles
United States Bankruptcy Court
One BowlingGreen
New York,New York 10004

Subject:

## APPLICATION FOR ORDER REMOVING PEGGY NESTOR FROM PERSONALBANKRUPTCY AS THE CASE WAS MISFILED.

TO THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

Peggy Nestor hereby applies for an Order from Your Honor exiting me from personal bankruptcy, as the Case was misfiled by my former attorney Penachio Malara.

PLEASE TAKE NOTICE:

1. I met the Penachio Malara firm for the first time, on Sunday, April 21, 2023, who represented themselves as a competent and experienced Bankruptcy/ Business reorganization firm. I knew nothing about Bankruptcy. and was never in Bankruptcy before.

My only personal debt on that Sunday, was Emigrant Bank, a secured creditor whose personal mortgage was up to date and paid through May 2023.
The Personal Mortgage was begun September 2010. for $4 Million.
There is/was another 20 years on the note to continue if I wish.

2.     April 24, 2023, a Chapter 11 Petition was misfiled by Penachio Malara.
       The funding for Gemeaux Ltd. was in place to pay off the Lynx Loan.

3.     The Chapter 11 was based upon a Business Loan by Lynx Assets Services
       LLC, ("Lynx"), a Florida entity with offices in New Jersey.
       The Lynx Loan was a commercial loan with Gemeaux Ltd.
       Payments of $91,000. Thousand were made monthly, by Gemeaux Ltd.

4.     Attached as Exhibit One sample payment made to Lynx, along with a copy
       of Mortgage Interest Statement for 2018 filed by Lynx who recognized
       Gemeaux Ltd. as the Borrower.
       Lynx failed to name Gemeaux Ltd. in their Petition.

5.     The Penachio Malara Firm advised that they could have the illegal
       attachments and liens removed from my property, with the Bankruptcy
       Court.  Apparently, this was incorrect as per Your Honor.

6.     I purchased the Property, February 23, 1984 with my sister, Marianne
       Nestor, over forty years ago.

7.     My building contains seven apartments and is Rent Stabilized.
       According to New York Law, a person over 65 Years of Age may not be
       evicted from their home.  15 East 63rd Street has been my home and
       Primary Residence for over forty years, I am a United States Citizen and
       my NYC Voter Registration is attached.  Exhibit Two.

8.     I began to educate myself regarding Chapter 11.
       My understanding was that Chapter 11 was to reorganize a business.
       Gemeaux Ltd is a business begun in New York City in 1973, dealing with
       Celebrity Licensing, Fashion, Art Books, Music, visuals, TV Series, Film,
       and Commercials.  Attached. The Chapter 11 Debtor in Possession, states
       that it  does not put the Personal Assets of the Stockholders at risk.
       Exhibit Three.

Wherefore, Peggy Nestor requests that the Court issue an Order approving my removal from Bankruptcy as it was Misfiled by the Penachio Malara Firm.

Payment to Lynx Assets Services LLC will be made by the Borrower, Gemeaux Ltd.

Dated: New York, New York
July 24, 2024

Respectfully submitted,

PEGGY NESTOR

## EXHIBIT ONE

Mortgage Interest Statement by Lynx Assets Services LLC 30 Freneau Avenue Matawan, NJ 07747 to Gemeaux Ltd.

Copy of a Gemeaux Ltd. monthly payment check to Lynx Assets Services LLC

☐ CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | *Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 **2018** Form 1098 | Mortgage Interest Statement |

Lynx Asset Services LLC
30 Freneau Avenue
Matawan, NJ 07747

8888745440

**Copy B**

**For Payer/ Borrower**

1 Mortgage interest received from payer(s)/borrower(s) *
$ 364166.68

| RECIPIENT'S/LENDER'S TIN | PAYER'S/BORROWER'S TIN |
|---|---|
| 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 | 13-2769177 |

2 Outstanding mortgage principal as of 1/1/2018
$ 9500000.00

3 Mortgage origination date
20170125

4 Refund of overpaid interest
$

5 Mortgage insurance premiums
$

PAYER'S/BORROWER'S name, address, ZIP/postal code & country

Gemeaux LTD
15 East 63rd Street
New York, NY 10065

6 Points paid on purchase of principal residence
$

7 ☒ If address of property securing mortgage is the same as PAYER'S/BORROWER'S address, the box is checked, or the address or description is entered in box 8.

8 Address or description of property securing mortgage (see instructions)

15 East 63rd Street
New York

The information in boxes 1 through 9 is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points, reported in boxes 1 and 6; or because you didn't report the refund of interest (box 4); or because you claimed a nondeductible item.

9 Number of properties securing the mortgage
1

10 Other

Account number (see instructions)
32

Form 1098                    (Keep for your records)                    Department of the Treasury - Internal Revenue Service

---

☐ CORRECTED (if checked)

| RECIPIENT'S/LENDER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | *Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person. | OMB No. 1545-0901 **2018** Form 1098 | Mortgage Interest Statement |

Lynx Asset Services LLC
30 Freneau Avenue
Matawan, NJ 07747

8888745440

**Copy B**

**For Payer/ Borrower**

1 Mortgage interest received from payer(s)/borrower(s) *
$ 364166.68

| RECIPIENT'S/LENDER'S TIN | PAYER'S/BORROWER'S TIN |
|---|---|
| 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 | 13-2769177 |

2 Outstanding mortgage principal as of 1/1/2018
$ 9500000.00

3 Mortgage origination date
20170125

4 Refund of overpaid interest
$

5 Mortgage insurance premiums
$

PAYER'S/BORROWER'S name, address, ZIP/postal code & country

Gemeaux LTD
15 East 63rd Street
New York, NY 10065

6 Points paid on purchase of principal residence
$

7 ☒ If address of property securing mortgage is the same as PAYER'S/BORROWER'S address, the box is checked, or the address or description is entered in box 8.

8 Address or description of property securing mortgage (see instructions)

15 East 63rd Street
New York

The information in boxes 1 through 9 is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points, reported in boxes 1 and 6; or because you didn't report the refund of interest (box 4); or because you claimed a nondeductible item.

9 Number of properties securing the mortgage
1

10 Other

Account number (see instructions)
32

Form 1098                    (Keep for your records)                    Department of the Treasury - Internal Revenue Service

B1098PY          MTF 2841720          8          B1098B

GEMEAUX LTD.

DATE  4/10/18

LYNX ASSET SERVICES LLC                                                91,041.67

****Ninety One Thousand Forty One & 67/00 Dollars****

Bank of America

4/18

⑆006018⑆ ⑆021200339⑆ 0094204038 59⑆

<u>EXHIBIT TWO</u>

<u>New York City Voter Registration</u>



Board of Elections
in the City of New York
Manhattan Office
200 Varick Street, 10 floor
New York, NY 10014

RETURN SERVICE REQUESTED

**OFFICIAL 2024 VOTER INFORMATION**
Poll Site Information Inside

Primary Election:
Election Day: June 25, 2024
Early Voting Dates: June 15-23, 2024

General Election:
Election Day: November 5, 2024
Early Voting Dates:
October 26- November 3, 2024

☆ O F F I C I A L ☆
☆ **ELECTION MAIL** ☆
Authorized by the U.S. Postal Service
☆                        ☆
☆         ☆         ☆         ®

*******************ECRWSS**C-606
0782 2550664 000150 T5121 5158 025DA376
Peggy Nestor
15 E 63rd St
New York, NY 10065-7209

41266005

PRSRT STD
U.S. POSTAGE PAID
BD OF ELECTIONS
CITY OF NEW YORK

EXHIBIT THREE


The Chapter 11 Debtor in Possession.

# The Chapter 11 Debtor in Possession

Chapter 11 is typically used to reorganize a
business, which may be a corporation, sole
proprietorship, or partnership. A corporation
exists separate and apart from its owners, the
stockholders. The chapter 11 bankruptcy case
of a corporation (corporation as debtor) does not
put the personal assets of the stockholders at
risk other than the value of their investment in



Marianne Nestor
15 East 63rd Street
New York City, NY 10065

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES BANKRUPTCY COURT                    Chapter 11
SOUTHERN DISTRICT OF NEW YORK
                                                  Case No. 23-10627 (MEW)
Re: Peggy Nestor

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

**RESPONSE REGARDING TRUSTEE'S APPLICATION TO INTERVENE AS A NECESSARY PARTY**

**Dated October 9, 2024.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**PLEASE TAKE NOTICE OF OPPOSITION TO THE ADV. PRO. NO. 24-O4O 21 (MEW) OF NEIL BERGER AND THE TOGUT FIRM.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Affidavit in Response:**

I,  Marianne Nestor, make this Affidavit in further support for the dismissal of the incorrect filing by Neil Berger esq. and Albert Togut Esq. (Senior member of Togut Segal and Segal LLP).

To reiterate, I am not under the jurisdiction of the Bankruptcy Court or the Pen of Judge Wiles.

This has been stated in every communication by me with Your Honor's Court.

1)      As per New York State Law, RPAPL713 sub.d.10 and RPAPL 853, (Treble Damages), and as co-owner of Block 1378 Lot 12, 15 East 63rd Street, NYC 10065,

I am entitled to file a Case in the proper venue and jurisdiction which is the Civil Court located at 111 Centre Street, NYC, and which relates to Landlord Tenant and Real Estate Matters, in New York City. The Building has Seven Units and is governed by the. Rent Stabilization Laws and RPAPL.

2)      I have no Lawsuit with, nor, against Mr. Neil Berger, nor, Mr. Togut, in the Bankruptcy Court. I am not under the jurisdiction of the Court of the Honorable Judge Wiles, nor have I filed a Case with the Bankruptcy Court.

Mr. Berger has no legal right to file a Case on my behalf, against himself and his Law Firm, in the Bankruptcy Court. This is improper.

3)      Mr. Berger has previously forged stationary using my name, without my permission on May 10, and August 2, 2024,, of which I am aware, to make Mr. Togut, his Law Partner, a Beneficiary on an insurance policy, paid by me, which would be, in my opinion, theft. **Exhibit One**

4)      Mr. Berger should be dismissed for incorrect and illegal actions as an Officer of the Court. In my understanding, Mr. Berger's actions would constitute a felony, which he is apparently again attempting to do.

5)      There is no basis for the intervention of the Bankruptcy Court of Judge Wiles to be involved in this Civil Case of Lockout. All were served and notified, including Your Honor, by letter dated, July 31, 2024, Date Stamped August 1, 2024. **Exhibit Two.** My letter was not responded to by Your Honor or by Anyone.   The Lockout Case in Civil Court was correctly filed and served.

2

6)      The Lockout Case includes as well, my two nieces, who reside in the building, go to school, and vote in NYC.  They have Rights, as well, that have been breached, by the Togut Firm, and they are not under the jurisdiction of the Bankruptcy Court, nor am I.

The Lockout Case, in the interest of Justice, must remain in the correct Court - at 111 Centre Street, where it was filed.

7)      It has been six months since the illegal Lockout on April 30th, Passover.  The building rental value at $100,000. Monthly, Treble Damages, $300,000. would be equal to $1,800,000. due from the Togut Firm or their Insurance Carrier.

8)      We are willing to settle the damages with the Togut Firm, and move on, after a thorough study of what has been removed from our residence.

9)      Your Honor indicated October 2, 2024, for me to file a Motion regarding to whom the Togut Firm has given keys, who has entered the building, what has been removed, etc. That Motion is filed, 10/15/2024.

10)     To "enjoin" me, Marianne Nestor,  from filing papers in the proper Court of Jurisdiction, would be against my Civil Rights, which have been badly bruised by the Nassau Surrogate Court, and various lawyers - or to quote the New York Post Reporter, "Liars for Hire",

To reiterate, Mr. Berger apparently thinks he is the Law, making extraordinary presumptions,   Mr. Berger's request is improper.

As I am not subject to the jurisdiction of the Bankruptcy Court, an Order to a Non Party is not meaningful, in my opinion.

3

I have not brought a Case in the Bankruptcy Court against Mr. Berger and Mr. Togut. This is false, nor are they authorized to do so on my behalf.

11)   As the Court is aware, I am not subject to the misfiled Case, or if done intentionally, malpractice by the Penachio Malara Firm ("PM FIRM"), which should be removed, as requested 7/24/2024, and returned to being a Business Loan, which it is/was.

The Loan between Lynx Asset Services, ("Lynx"), and Gemeaux Ltd. ("Gemeaux"), was a Business Loan to Gemeaux, a New York Corporation founded in 1973. The Payoff Money was there and ready to pay off Lynx before the first meeting with Peggy Nestor, my sister, and co-owner of 15 East 63rd Street and the PM Firm, April 23, 2023.

12)   The 'misfiled' or 'malpractice' case has caused Peggy much stress, defamation, and been detrimental to her health, her reputation, both business and personal, and was unnecessarily caused by the actions or inactions of the PM Firm.

13)   Your Honor's comments, 10/2/2014, "This Case is a mess", is correct. To quote William Shakespeare - Much to do about nothing. To add, except Legal Fees.

14).   If not a business loan with a Corporation, Banking Rule 590 would apply, and the Loan by Lynx would be invalid and dismissed.

Conclusion:

L.    Proposed Lawsuit made by the Togut Firm in the Bankruptcy Court eradicated.

2.    Mr. Berger dismissed for cause.  Attempted Theft.

3.    Settlement of money due for Illegal Lockout
      As per RPAPL 713sub. d.10 RPAPL 853 Treble Damages.

4.    Case removed to be a Business Reorganization, Chapter 11 with Gemeaux and not
      a personal bankruptcy.

5.    Lynx Loan to Gemeaux to be paid off by Gemeaux.

Thank you, Your Honor, for your kind consideration.

Respectfully,

Marianne Nestor

October 15, 2024

EXHIBIT ONE

**Marianne Nestor & Peggy Nestor**
**15 E 63rd Street**
**New York, NY 10065**

May 10, 2024

Homeland Insurance Company of Delaware

Policy: 795022915

To whom it may concern

This confirms that effective May 10, 2024 we have appointed World Insurance Associates, LLC/RT Specialty as our exclusive insurance brokers with respect to our insurance program provided by the policies attached. The appointment of World Insurance Associates/RT rescinds all previous appointments effective immediately, waiving any waiting period, and the authority contained herein shall remain in full force until cancelled in writing

World Insurance Associates/RT Specialty and their representatives are authorized to negotiate directly with you regarding existing or new contracts. That may include, but is not limited to, renewals, cancellations, replacement, or other necessary actions. We understand, however, that they will not share responsibility for any deficiencies in the insurance program to which this letter applies until they have had a reasonable opportunity to review the program and to provide us with their recommendations.

This letter also constitutes your authority to furnish World Insurance Associates/RT Specialty representatives with all information they may request as it pertains to our insurance contracts, rates, surveys, rating schedules, claim history including reserves, precedents, and all other pertinent information they may wish to obtain for their study of our present and future requirements in connection with the insurance policy to which this letter applies. We request that you do not communicate such information to anyone else

Sincerely,

Neil Berger, Counsel for Albert Togut, Not Individually But Solely in his Capacity as Chapter 11 Trustee of Peggy Nestor

**Brownstone Agency, Inc.**
**Financial Square**
**32 Old Slip, 8th Floor**
**New York, NY 10005**
**(212) 962-5620 Main Phone**
**(212) 742-7934 Main Fax**

August 2, 2024

**Attn: HUB INTERNATIONAL NORTHEAST LTD**

**Re:    Insured Name: HUB INTERNATIONAL NORTHEAST LTD**
**Policy Number: BAN1015892-00**

Please be advised that we are in receipt of a Letter of Authority naming another broker as the Broker record for the above captioned insured. We must change authority to the newly appointed unless a countermanding letter is received. **within (5) business days. August 8 , 2024**

Should you have any questions, please do not hesitate contact our office

Thank you,

Brownstone Agency Inc.

MARIANNE NESTOR
15 EAST 63RD STREET
NEW YORK, NY 10065

EXHIBIT TWO

Countermanding Letter sent to Brownstone Agency Inc.
advising that Marianne Nestor is/was 'Broker of Record'.

**Marianne Nestor and Peggy Nestor**
**15 E 63rd St**
**New York, NY  10065**

August 2, 2024

Insured:    Marianne Nestor and Peggy Nestor

Issued By:    Brownstone Agency

Policy:    BAN1015892-00

This letter is to confirm that as of **August 2, 2024,** I wish to maintain being appointed with HUB International Northeast as our exclusive insurance broker with respect to the insurance mentioned above.  The appointment of HUB International Personal Insurance shall serve to rescind all previous appointments, and the authority contained herein shall remain in effect until canceled in writing.

We understand that HUB International Personal Insurance will not share any responsibility for any deficiencies in the insurance program to which this letter applies until they have had a reasonable opportunity to review and provide us with their recommendations.

Sincerely,

X _____    Date: _August 2, 2024_

EXHIBIT TWO

MARIANNE NESTOR

Honorable Michael E. Wiles
United States Bankruptcy Court
One Bowling Green
New York, NY 10004

FILED
U.S. BANKRUPTCY COURT

2024 AUG -1  P 2: 11

S.D.N.Y.

July 31, 2024

Regarding Illegal Lockout.

Your Honor Judge Wiles,

It was good to see you at Bowling Green, Monday July 29, 2024.
Thank you for holding the elevator door.

As Your Honor is aware, I am not part of the misfiled Business Chapter 11 in your
Honor's Court, or under Your Honor's Jurisdiction or Pen.

I am a Co-Owner and Tenant of a Rent Stabilized Owner Occupied Building, namely:
15 East 63rd Street, 10065 Block 1378 Lot 12, with seven apartments.
The monthly market rental value for the building is approximately $100,000.
I have been the Manager of the building since 1988 after JH Taylor, and an Owner
by Deed since 1984.

I have been <u>Illegally Locked Out</u> of my apartments by Neil Berger Esq., which
is actionable and illegal according to : New York Law  RPAPL 713, subd. 10 and
awarding treble damages following an Illegal Lockout  RPAPL 853.

On July 25, 2024, after the meeting in your Court, and as illustrated by statement filed
in Your Court, 7/29/2024. <u>Exhibit One,</u> (Unlocked Premises secured by NYPD).
My apartments, 3A/3B/4A/4B, ("Marianne's Apartments"), have  been emptied of
jewelry, documents, art, antiques, including my pair of two circa 1760 Chinese Export
porcelain plates (Museum quality).

MARIANNE NESTOR

Honorable Michael Wiles,

United States Bankruptcy Court
One Bowling Green
New York, New York 19994

July 25, 2024

Re: Unlocked Premises
15 East 63rd Street
New York, New York 10065
7/25/2024

Your Honor, Judge Wiles,

After the meeting in your Courtroom, Thursday, July 25, 2024, Peggy and I went to
have lunch near our property at 15 East 63rd Street, ("15"), have the two box tree plants
watered, the front stone steps and the limestone frontage power washed, and the front
sidewalk cleaned.  On the prior Thursday, July 18th, the sidewalk was cleaned, box tree
plants watered, etc. and the front door appeared to be secured.

Around 2PM after the Court meetings, on July 25th, I noticed a promotional card hanging
on the front door of 15, stating, "We pick up Junk", and a female having lunch on the
front steps.  I went to remove the card on the door, and found the front door slightly ajar -
touching it, it opened, the inside door was also ajar, with a rubber door stopper under the
door holding the inside front door open.

Perhaps someone is staying there, as squatters have been known to be in the area.

The lobby was dark, the elevator gate was open, and the elevator was on the entry level.
A large truck was parked in front with people in the front seat.  It looked like a moving
van, and a robbery in progress.

MARIANNE NESTOR

On the right wall, hanging on the ivy were many paintings inside the front door - all of which had been moved from the second, third, and fourth floors of the building.

Peggy's important Aert Van der Neer was hanging on the wall, along with my Boillys, Honthorst, and other art work, near the front door, including a portrait of my grandfather in law, Count Arthur Cassini, former Russian Ambassador to the United States.

The Oval Dining Room had the door into the area of the 'English Basement' and Greenhouse area, open and lying on its side. Apparently the hinges had been removed.

I called 911 and requested the NYPD to come and secure the building, as someone might be inside, and I was afraid.

I called the Sotheby's broker, Louise Beit, ("Louise"), on both numbers - no response; I also called the Bowling Green Court, no answer, finally leaving a voice mail message with Jacqueline.

The NYPD arrived, two Officers. We went through the building and took pictures. Everything had been moved around and ransacked, with many packing boxes and much mashed packing paper thrown around. Every floor had been entered and all doors were open. On the Fourth floor approximately 18 large file boxes containing legal documents and many boxes of information on our property, had been removed and were gone.

The Staging done looked very ordinary and not special, it made everything look smaller, dirty, and less upmarket. It was extremely depressing. My circa 1760 Chinese Export Porcelain Plates on my ruby marble mantle in the second floor great room, were missing and nowhere to be found. Jewelry that was on the fourth floor was gone, a total disaster. Much damage of the doors and moldings, done on the 'all force direction' of the Togut Team on April 30, 2024 was visible.

MARIANNE NESTOR

On July 25th, as the Police Officers were leaving, Louise arrived with Michael, the Office Manager of Sothebys. They were across the street in front of 14/16, I motioned them to come across the street, they arrived as the NYPD Officers were leaving. The NYPD found no one in the building but both front entrance doors had been left open. The NYPD Officer said that a complaint should be made to the listing broker, to make sure they lock the doors.

Louise appeared very nervous, stating that she came after hearing my voice mail messages. I asked her why she did not call back, or answer my letters, and where were my circa 1760 Chinese Export Porcelain Plates. Louise stated that she had removed the plates, packing them, but, she could not remember or into what box the items had been placed, or where they were.

Sotheby's confirmed that they had not been in the premises for over two weeks, and had not left the doors unlocked. Louise took pictures.

Thursday, July 18, 2024, when the box tree outside plants were watered and street swept, everything appeared to be secured. One of the box tree plants had turned yellow/brown from lack of watering, and, needed to be kept watered. On April 30th, Passover, both box tree plants on the outside of 15, were healthy and green.

Louise acknowledged that she did not answer my Letters, and the agreement had been breached, the listing had expired, and Sotheby's had not been at the Premises for several weeks, accordingly, they were not responsible for the door being left open.

Apparently, Louise had called the Al Togut office, as a male person, named Jonathan showed up. When first asked his name, he said his name was Jonathan Nestor. Jonathan was apparently speaking with Neil Berger on his cell phone.

MARIANNE NESTOR

Mr. Berger, (who has forged stationary using my name and Peggy's name, sending orders, as broker of record purportedly on behalf of me and my sister, a fraud and a felony, and has perjured himself), was directing Jonathan on the cell phone.

Louise confirmed that Jonathan was there when they had any showings, and that his name was actually Jonathan Cohen, a person working for the Togut Team. Jonathan, following the orders of Mr. Berger, was abrupt and rude, stating that Mr. Togut owns 15.

Mr. Cohen called the same locksmith to wrap chains around the front doors. This would make the property seem like an abandoned building and less salable.

The locksmith refused to give his name or card. Your Honor can get this information from Mr. Togut, principal of Team Togut. All in all, a repeat, of Passover, April 30, 2024. According to his Court Testimony, May 1st, 2024, Mr. Berger had spent more than four hours in the building April 30, 2024. Doing what?

The Questions exist:
1)    Who was given the keys by the Togut Team?
2)    Who was inside 15 and left the door open,
       as Sotheby's had not been there in several weeks.
3)    Who entered the property with the permission of
       the Togut Team?
4)    What has been removed from 15 and the whereabouts
        of same? The appointment of Accountants is on appeal,
       as is the appointment of the Phillips Nizer Law Firm,
       unless they are replacing the Togut Team.

5)      Location of videos and surveillance footage taken by the
        Togut Team.  Whereabouts of any and all photographs of
        15 made by the Togut Team, as stated by Marta Martir at
        the May 1st meeting, after the April 30th Break-in to 15.

6)      The proposed Insurance by the Togut Team on the Property,
        would equate to a building valued at $125 Million Dollars,
        which would be $65 Million Dollars more than the listing
        price of Sotheby's of $65 Million Dollars, or $75 Million
        Dollars more that the appraised value of September, 2022
        of $55, Million. Why?
        As per meeting of 6/20/2024 in the Court, the building is insured
        through June 27, 2025 by me - Co-Owner of the building, and
        Your Honor approved.
        There have been no Claims in the last five years.

In my opinion, Team Togut is trying to rack up Legal Fees, and expenses, and is
not protecting my property by leaving the doors open to the street.  It looked like
a burglary in progress, perhaps it was.

The whole experience starting with the misfiling by the Penachio Malara Firm and the
Trustee experience by the Team Togut shocks the conscience, breaching the Fourth
Amendment.

This was a Business Loan to Gemeaux Ltd. from Lynx Assets Services and not a Personal
Bankruptcy.  The matter was misfiled by the Penachio Malara firm, a Firm that failed to
show up at your OSC meeting of April 23, and others; failed to appeal the Trustee Order
or advise that it could be appealed, because Anne Penachio Esq. stated she would: "make
more money with a Trustee, but I don't want that to happen.".

MARIANNE NESTOR

Mr. Berger, (who has forged stationary using my name and Peggy's name, sending orders, as broker of record purportedly on behalf of me and my sister, a fraud and a felony, and has perjured himself), was directing Jonathan on the cell phone.

Louise confirmed that Jonathan was there when they had any showings, and that his name was actually Jonathan Cohen, a person working for the Togut Team. Jonathan, following the orders of Mr. Berger, was abrupt and rude, stating that Mr. Togut owns 15.

Mr. Cohen called the same locksmith to wrap chains around the front doors. This would make the property seem like an abandoned building and less salable.

The locksmith refused to give his name or card. Your Honor can get this information from Mr. Togut, principal of Team Togut. All in all, a repeat, of Passover, April 30, 2024. According to his Court Testimony, May 1st, 2024, Mr. Berger had spent more than four hours in the building April 30, 2024. Doing what?

The Questions exist:

1)    Who was given the keys by the Togut Team?

2)    Who was inside 15 and left the door open,
       as Sotheby's had not been there in several weeks.

3)    Who entered the property with the permission of
       the Togut Team?

4)    What has been removed from 15 and the whereabouts
       of same? The appointment of Accountants is on appeal,
       as is the appointment of the Phillips Nizer Law Firm,
       unless they are replacing the Togut Team.

5)      Location of videos and surveillance footage taken by the
        Togut Team.  Whereabouts of any and all photographs of
        15 made by the Togut Team, as stated by Marta Martir at
        the May 1st meeting, after the April 30th Break-in to 15.

6)      The proposed Insurance by the Togut Team on the Property,
        would equate to a building valued at $125 Million Dollars,
        which would be $65 Million Dollars more than the listing
        price of Sotheby's of $65 Million Dollars, or $75 Million
        Dollars more that the appraised value of September, 2022
        of $55, Million. Why?
        As per meeting of 6/20/2024 in the Court, the building is insured
        through June 27, 2025 by me - Co-Owner of the building, and
        Your Honor approved.
        There have been no Claims in the last five years.

In my opinion, Team Togut is trying to rack up Legal Fees, and expenses, and is
not protecting my property by leaving the doors open to the street.  It looked like
a burglary in progress, perhaps it was.

The whole experience starting with the misfiling by the Penachio Malara Firm and the
Trustee experience by the Team Togut shocks the conscience, breaching the Fourth
Amendment.

This was a Business Loan to Gemeaux Ltd. from Lynx Assets Services and not a Personal
Bankruptcy.  The matter was misfiled by the Penachio Malara firm, a Firm that failed to
show up at your OSC meeting of April 23, and others; failed to appeal the Trustee Order
or advise that it could be appealed, because Anne Penachio Esq. stated she would: "make
more money with a Trustee, but I don't want that to happen.".

As per Anne Penachio, her friend Neil Berger, from, as Anne Penachio stated, " the tight knit Legal Community of White Plains", was in constant communication with Anne Penachio of the Penachio Malara Firm.  Anne communicated  at 9:54AM on April 30, 2024 to say that the marshalls had been there, as she was in full communication with Neil Berger.

Peggy is filing an OSC to get out of this situation, created by the Penachio Malara firm. In my opinion, it is/was a 'Set-up'.

Again we are requesting the removal of the Togut Team including Mr. Berger, a perjurer, aka, in my opinion, a liar.

Thank you, Your Honor, your consideration is appreciated, and I look forward to Peggy leaving this unnecessary stressful negative personal bankruptcy situation, because of mischaracterization, and misfiling by Penachio Malara.

Respectfully,

Marianne Nestor
50% Owner
15 East 63rd Street
New York City, NY 10065
917 679 2558
mariannenestor1@gmail.com