UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Peggy Nestor<br><br>                      Debtor.<br><br>Marianne Nestor,<br>                      Appellant,<br><br>        -v.-<br><br>Neil Berger,<br>                      Appellee. | 24 Civ. 09250 (JHR) (SLC)<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

      Appellant Marianne Nestor, acting *pro se*, brings this appeal seeking review of an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *See* ECF No. 2. Before the Court is the Report and Recommendation of Magistrate Judge Sarah L. Cave recommending that Appellant's appeal "be dismissed for failure to comply with the Federal Rules of Bankruptcy Procedure and Federal Rule of Civil Procedure 41(b)." ECF No. 11 at 1. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Cave's recommendation.

## BACKGROUND[1]

      Peggy Nestor, Appellant's sister, filed for Chapter 11 bankruptcy in the Bankruptcy Court on April 25, 2023. *See In re: Nestor,* No. 23-10627 (MEW) (Bankr. S.D.N.Y.) (the "Bankruptcy Proceedings"), ECF No. 1. Appellant seemingly became involved in the

---

[1] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 11.

Bankruptcy Proceedings through her co-ownership of a property with her sister (the "Property"). *See id* at ECF No. 73 ¶¶ 14-32.

"At issue in this appeal is an October 25, 2024 decision by the Honorable Michael E. Wiles to hold in contempt, and to impose civil sanctions on, [Appellant]." ECF No. 11 at 2. On December 4, 2024, the appeal was assigned to this Court. *See* ECF No. 2. On December 11, 2024, the Court referred the case to Judge Cave for general pretrial purposes and for a Report and Recommendation on dispositive motions. ECF No. 3.

On February 3, 2025, Judge Cave issued an order (the "OTSC") directing Appellant "to show cause why this appeal should not be dismissed for non-compliance with the Federal Rules of Bankruptcy Procedure." ECF No. 10 at 1. Federal Rule of Bankruptcy Procedure 8009(a) requires that an appellant "file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented (the 'Designation and Statement'), and to serve the same on the appellee within 14 days of the filing of a notice of appeal." *Id*. at 2 (internal quotation marks omitted). Judge Cave observed that a "[r]eview of the Bankruptcy Proceedings' docket reveal[ed] that [Appellant] filed her Designation and Statement on November 27, 2024, six days after her deadline under Rule 8009(a)." *Id* at 3. "Because [Appellant] could potentially argue that her failure to timely file the Designation and Statement was the result of excusable neglect, the Court . . . provide[d,] [in the OTSC,] her an opportunity to explain whether and why she believes she is entitled to relief." *Id*. The OTSC allowed Appellant until February 18, 2025 to respond to the OTSC. *Id*. at 4. Appellant did not do so, nor did she request an extension.

On April 10, 2025, Judge Cave issued a Report and Recommendation recommending that "this appeal be dismissed for failure to comply with the Federal Rules of Bankruptcy Procedure and Federal Rule of Civil Procedure 41(b)." ECF No. 11 at 1. The Report and Recommendation

2

notified the parties that they had "fourteen (14) days . . . to file written objections." *Id*. at 10. The Report and Recommendation also cautioned that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW**." *Id.* No objections have been filed, nor has any request to extend the time to object been made.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The parties did not file any objections to the Report and Recommendation. Thus, the parties waived the right to judicial review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))). The Court has carefully reviewed the

Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is well reasoned and grounded in fact and law.

For the foregoing reasons, the Court dismisses this action with prejudice. *See In re Ditech Holding Corp.*, No. 23 Civ. 8989 (LJL), 2024 WL 1242532, at *1 (S.D.N.Y. Mar. 21, 2024) ("DISMISS[ING] [] appeal with prejudice for failure to comply with Federal Rule of Bankruptcy Procedure 8009(a)[].").

The Clerk of the Court is directed to close the case and to mail a copy of this Order to Appellant.

SO ORDERED.

Dated: July 24, 2025
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge